**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FELIX V. CUADRADO** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TI COMMUNITIES** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF DOCUMENTS FOR REMOVAL**

The following documents are attached:

Exhibit A-1    Docket Sheet

Exhibit A-2    Plaintiff's Original Petition

Exhibit A-3    Issue Citation – View at Kessler Park

Exhibit A-4    Issue Citation – TI Communities

Exhibit A-5    Notice of Dismissal for Want of Prosecution

Exhibit A-6    Joint Stipulation of Extension of Time to Answer Plaintiff's

Original Petition

Exhibit A-7    Return of Service – TI Communities

Exhibit A-8    Non-Signed Proposed Order

Exhibit A-9    Notice of Dismissal for Want of Prosecution

Exhibit A-10   Motion for Substitute Service

Exhibit A-11   Proposed Order to Substitute Service

Exhibit A-12   Order – Substitute Service

Exhibit A-13   TI Communities' Original Answer

Exhibit A-14   Notice of Trial

Exhibit A-15   Scheduling Order

Exhibit A-16   Return of Service – View at Kessler Park

Exhibit A-17   Westmount at Kessler Park, L.P.'s Original Answer

Exhibit A-18   Dismissal for Want of Prosecution

Exhibit A-19   Certificate of Written Discovery

Exhibit A-20   Letter from mediator – case not settled

Exhibit A-21   Plaintiff's First Amended Petition

Exhibit A-22   Plaintiff's First Amended Petition - Corrected

Exhibit A-23   Certificate of Written Discovery

Exhibit A-24   Certificate of Written Discovery

Exhibit A-25   Westmount at Kessler Park, L.P.'s No Evidence Motion for Summary Judgment

Exhibit A-26   Certificate of Written Discovery

Exhibit A-27   Notice of Hearing - Westmount at Kessler Park, L.P.'s No Evidence Motion for Summary Judgment

Exhibit A-28   Certificate of Written Discovery

Exhibit A-29   Plaintiff's Second Amended Petition

Exhibit A-30   Notice of Nonsuit as to View at Kessler Park

Exhibit A-31   Westmount at Kessler Park's No Evidence Motion for Summary Judgment

Exhibit A-32   Notice of Hearing – Westmount at Kessler Park, LP's No Evidence

Motion for Summary Judgment

Exhibit A-33   Notice of Non-Jury Trial

Exhibit A-34   Notice of Non-Jury Trial

Exhibit B      Declaration of Christine Schoellhorn

Respectfully submitted,

By: /s/ *Kristin L. Bauer*

Kristin L. Bauer
Texas Bar No. 24006813
kristin.bauer@jacksonlewis.com
Julie A. Farmer
Texas Bar No. 24059734
julie.farmer@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Phone: 214.520.2400
Fax: 214.520.2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served by filing with the ECF filing system on November 25, 2020, which will cause service to be made upon the following:

Vincent J. Bhatti
Vincent.bhatti@bhattilawfirm.com
Ditty S. Bhatti
Ditty.bhatti@bhattilawfirm.com
The Bhatti Law Firm, PLLC
14785 Preston Road, Suite 550
Dallas, Texas 75254

/s/ *Kristin L. Bauer*
Kristin L. Bauer

## Case Information

DC-20-03308 | FELIX V. CUADRADO vs. VIEW AT KESSLER PARK et al

Case Number
DC-20-03308

Court
134th District Court

Judicial Officer
TILLERY, DALE

File Date
02/28/2020

Case Type
DEFAMATION

Case Status
OPEN

## Party

PLAINTIFF
CUADRADO, FELIX V.

Active Attorneys ▾
Lead Attorney
BHATTI, VINCENT J
Retained

---

DEFENDANT
VIEW AT KESSLER PARK

Address
2511 WEDGLEA DR.
DALLAS TX 75211

Active Attorneys ▾
Lead Attorney
BAUER, KRISTIN
Retained

---

DEFENDANT
TI COMMUNITIES

Address
1125 EXECUTIVE CIRCLE
SUITE 100
IRVING TX 75038

Active Attorneys ▾
Lead Attorney
BAUER, KRISTIN
Retained

---

DEFENDANT
WESTMOUNT AT KESSLER PARK, L.P.

Active Attorneys ▾
Lead Attorney
HARLAN, ALAN J
Retained

EXHIBIT
A-1

# Events and Hearings

02/28/2020 NEW CASE FILED (OCA) - CIVIL

02/28/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/28/2020 ISSUE CITATION ▾

ISSUE CITATION - 1. VIEW AT KESSLER PARK

ISSUE CITATION - 2. TI COMMUNITIES

03/02/2020 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

DC-20-03308 NDWOP.pdf

Comment
NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

03/05/2020 CITATION ▾

Served
06/02/2020

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
06/18/2020
Comment
VIEW AT KESSLER PARK

03/05/2020 CITATION ▾

Served
03/12/2020

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
03/18/2020
Comment
T1 COMMUNITIES

03/18/2020 RULE 11 ▾

JT STIPULATION OF EXTENSION OF TIME TO ANSWER PLAINTIFF'S ORIGINAL PETITION

Comment
JOINT STIPULATION OF EXTENSION OF TIME TO ANSWER PLAINTIFF'S ORIGINAL PETITION

03/18/2020 RETURN OF SERVICE ▾

EXECUTED CITATION: TI COMMUNITIES

Comment
EXECUTED CITATION: TI COMMUNITIES

05/05/2020 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

Comment
PROPOSED ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

05/05/2020 NOTE - ADMINISTRATOR ▾

Comment
need aff / motion

05/18/2020 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL

Comment
NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

05/26/2020 MOTION - SUBSTITUTE SERVICE ▾

MOTION FOR SUBSTITUTE SERVICE

05/27/2020 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO SUBST SERVICE

Comment
PROPOSED ORDER TO SUBST SERVICE

05/29/2020 ORDER - SUBSTITUTE SERVICE ▾

ORDER - SUBSTITUTE SERVICE

Comment
VIEW AT KESSLER PARK

06/05/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

06/17/2020 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

06/17/2020 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
LEVEL 3

---

06/18/2020 RETURN OF SERVICE ▼

EXECUTED CITATION - VIEW AT KESSLER PARK

Comment
EXECUTED CITATION - VIEW AT KESSLER PARK

---

06/18/2020 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

---

06/19/2020 DISMISSAL FOR WANT OF PROSECUTION ▼

134thDWOP-Rule 165A Letter

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

---

06/19/2020 CERTIFICATE OF WRITTEN DISCOVERY ▼

CERTIFICATE OF WRITTEN DISCOVERY

Comment
DEFENDANTS

---

07/10/2020 CASE NOT SETTLED AT MEDIATION ▼

CASE NOT SETTLED AT MEDIATION - IMPASSE

Comment
- IMPASSE

---

07/27/2020 AMENDED PETITION ▼

PLAINTIFF FIRST AMENDED PETITION

Comment
FIRST

---

07/27/2020 AMENDED PETITION ▼

PLAINTIFF FIRST AMENDED PETITION-CORRECTED

Comment
FIRST AMENDED-CORRECTED

---

07/31/2020 CERTIFICATE OF WRITTEN DISCOVERY ▼

DEFENDANT CERTIFICATE OF WRITTEN DISCOVERY-CO-DEFENDANT

Comment
WESTMOUNT AT KESSLER PARK, L.P.)-DEFENDANT

07/31/2020 CERTIFICATE OF WRITTEN DISCOVERY ▾

DEFENDANT CERTIFICATE OF WRITTEN DISCOVERY

Comment
(WESTMOUNT AT KESSLER PARK L.P.)DEFENDANT

09/16/2020 NO EVIDENCE MOTION FOR SUMMARY JUDGMENT ▾

DEFENDANT (WESMOUNT AT KESSLER PARK) NO EVIDENCE MOTION SUMMARY JUDGMENT

09/22/2020 CERTIFICATE OF WRITTEN DISCOVERY ▾

CERTIFICATE OF WRITTEN DISCOVERY

Comment
DEFENDANTS

10/09/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
MOTION SUMMARY JUDGMENT 11/10/20 8:00 AM

10/29/2020 CERTIFICATE OF WRITTEN DISCOVERY ▾

CERTIFICATE OF WRITTEN DISCOVERY

Comment
DEFENDANTS

10/29/2020 AMENDED PETITION ▾

PLAINTIFF-2ND AMENDED PETITION

Comment
SECOND

11/02/2020 NOTICE OF NONSUIT ▾

PLAINTIFF NOTICE OF NONSUIT-VIEW AT KESSLER PARK

Comment
AS TO VIEW AT KESSLER PARK--NO ORDER

11/10/2020 Motion - Summary Judgment ▾

DEFENDANT (WESMOUNT AT KESSLER PARK) NO EVIDENCE MOTION SUMMARY JUDGMENT

NOTICE OF HEARING

Judicial Officer
TILLERY, DALE

Hearing Time
8:00 AM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
DEFT-3OM-SET BY SIDNEY-972-788-1600-EXT-4739

---

06/21/2021 Non Jury Trial ▾

134th Trial Notice Letters

134th Trial Notice Letters

Judicial Officer
TILLERY, DALE

Hearing Time
9:00 AM

---

# Financial

CUADRADO, FELIX V.

|  | Total Financial Assessment | $308.00 |
|  | Total Payments and Credits | $308.00 |

| 3/2/2020 | Transaction Assessment | | | $308.00 |
|---|---|---|---|---|
| 3/2/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 14468-2020-DCLK | CUADRADO, FELIX V. | ($308.00) |

---

# Documents

ORIGINAL PETITION

DC-20-03308 NDWOP.pdf

ISSUE CITATION - 1. VIEW AT KESSLER PARK

ISSUE CITATION - 2. TI COMMUNITIES

JT STIPULATION OF EXTENSION OF TIME TO ANSWER PLAINTIFF'S ORIGINAL PETITION

EXECUTED CITATION: TI COMMUNITIES

PROPOSED ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

134thDWOP-Rule 165A Letter

NOTICE OF DISMISSAL

MOTION FOR SUBSTITUTE SERVICE

PROPOSED ORDER TO SUBST SERVICE

ORDER - SUBSTITUTE SERVICE

ORIGINAL ANSWER

134th Trial Notice Letters

134th Trial Notice Letters

NOTICE OF TRIAL

EXECUTED CITATION - VIEW AT KESSLER PARK

ORIGINAL ANSWER

SCHEDULING ORDER

CERTIFICATE OF WRITTEN DISCOVERY

CASE NOT SETTLED AT MEDIATION - IMPASSE

PLAINTIFF FIRST AMENDED PETITION

PLAINTIFF FIRST AMENDED PETITION-CORRECTED

DEFENDANT CERTIFICATE OF WRITTEN DISCOVERY-CO-DEFENDANT

DEFENDANT CERTIFICATE OF WRITTEN DISCOVERY

DEFENDANT (WESMOUNT AT KESSLER PARK) NO EVIDENCE MOTION SUMMARY JUDGMENT

CERTIFICATE OF WRITTEN DISCOVERY

NOTICE OF HEARING

CERTIFICATE OF WRITTEN DISCOVERY

PLAINTIFF-2ND AMENDED PETITION

PLAINTIFF NOTICE OF NONSUIT-VIEW AT KESSLER PARK

FILED
2/28/2020 11:02 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

DC-20-03308

**CASE NO. _____**

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | **G-134TH** JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES Plaintiff, Felix Cuadrado, and files his Original Petition. Plaintiff respectfully shows the Court as follows:

### I.     RULE 190 DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery will be conducted in accordance with a Level 3 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

2.     Defendant seeks monetary relief between $200,000 and $1,000,000. The damages sought are within the jurisdictional limits of the Court.

### II.     PARTIES

3.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

4.     Plaintiff, Felix V. Cuadrado is an individual resident of Dallas County, Texas.

5.     Defendant, <u>View at Kessler Park</u> (hereinafter referred to as "Kessler") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its property location at <u>2511 Wedglea Dr., Dallas, TX 75211</u> or wherever it may be found.

Plaintiff's Original Petition

**EXHIBIT**
**A-2**

6.      Defendant, TI Communities (hereinafter referred to as "TIC") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its corporate headquarters located at 1125 Executive Circle, Suite 100, Irving, TX 75038.

### III.   JURISDICTION

7.      The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

8.      This Court has jurisdiction over this cause of action because it involves an amount in controversy within the original jurisdiction of the Court, transacts business in the State of Texas.  This State has personal jurisdiction over this Defendant because it has purposefully availed itself of the privilege of conducting activities in the State of Texas, specifically Dallas County.  The cause of actions complained of and the events that transpired took place in Dallas County and, thereby, confers specific jurisdiction with respect to said Defendant. Furthermore, Defendants have engaged in activities constituting business in the State of Texas, specifically Dallas County.

9.      Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas and pursuant to Tex. Civ. Prac. and Rem. Code § 15.002, because Defendants operate in Dallas County and maintain offices in Dallas County.

10.     All conditions precedent to recovery have been performed, waived, or have occurred.

### IV.   FACTUAL BACKGROUND

11.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

12.     On or about February 26, 2018, Mr. Felix V. Cuadrado ("Cuadrado") was hired by Defendants as a Technician Director in Maintenance for service at an apartment building named View at Kessler Park ("View").

13.     Shortly after Mr. Cuadrado's arrival, the building manager at the View left his/her position and was replaced by an interim manager named Jessica.

14.     Jessica informed Mr. Cuadrado that her boyfriend had a company that would bring maintenance personnel to the View and expressed an intention to terminate Mr. Cuadrado's crew.

15.     Mr. Cuadrado advocated for his team to continue retaining their positions.

16.     Jessica began retaliating against Mr. Cuadrado systematically by harassing him verbally, through job assignments and micromanaging every aspect of his job.

17.     About one week prior to his termination, Mr. Cuadrado called Christine and Kathleen Ball at the corporate TI Communities office to report Jessica's harassing behavior.

18.     Both Kathleen and Christine stated they would speak with Jessica about the matter.

19.     Shortly thereafter, Jessica was removed as interim manager at the View to continuing her work as manager of another TI Community property called the Carlton.

20.     Nevertheless, on or about March 1, 2019, Jessica sent her lead maintenance person, Brian, with a pick-up truck to pick up a couple stoves at the View to be transferred to the Carlton.

Plaintiff's Original Petition                                                                                         Page  3

21.     Typically, a person would pick-up the items in the back of the property to avoid disruption for residents, staff and potential residents in the front.  Nevertheless, Brian insisted he pick-up the stoves in the front of the property and demanded that Mr. Cuadrado bring the stoves to the front.

22.     Mr. Cuadrado brought the stoves to the front, as instructed, and helped Brian load them into his truck.

23.     Later that day, Mr. Cuadrado was called into the front office and told by Christine that he had stolen two stoves from the property.  Mr. Cuadrado explained that he brought the stoves to the front and loaded them into Brian's truck, as instructed.

24.     TI Management ignored Mr. Cuadrado's explanation and insisted that they had him on a video stealing the stoves.

25.     Mr. Cuadrado was then terminated from his position.

26.     TI Management insisted that Mr. Cuadrado take off his company T-Shirt and coat.

27.     Mr. Cuadrado complied and was shamefully escorted off the property, without a shirt, through the lobby of the property in front of residents and employees.

28.     On all knowledge and belief, Defendants did not call the police, initiate a criminal investigation or otherwise investigate the matter themselves before terminating Mr. Cuadrado.

29.     Defendants called Mr. Cuadrado a thief and published that facts to residents and employees.

30.     Mr. Cuadrado believes that he was set up for termination intentionally.

31.     Plaintiff has been damaged as a direct result of Defendant's acts/omissions.

## V.     CAUSES OF ACTION – DEFAMATION PER SE

32.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

33.     Defendants called Mr. Cuadrado a thief and used this as a basis for his termination.

34.     Defendants were informed by Mr. Cuadrado that he was not a thief and that he provided the stoves to another employee named Brian who worked at the Carlton, another TI Communities property.

35.     Nevertheless, Defendants continued to call Mr. Cuadrado a thief and published the same to residents and employees.

36.     Defendants' statements assumed to be defamatory because calling Mr. Cuadrado a thief labels him as someone who committed a crime of moral turpitude.

37.     Defendants' statements are so obviously harmful that no proof of injurious effect is necessary.

38.     Defendants' actions and statements were intentional and/or negligent.

39.     Defendants knew or should have known that Mr. Cuadrado did not steal the stoves.

## VII.   PRESERVING EVIDENCE

40.     Plaintiff requests and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, claim files, policy files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text

messages, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## IX.   DAMAGES

41.   Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs.

42.   The above described acts, omissions, failures and conduct of Defendant have caused Plaintiff damages which include, without limitation, the costs associated with actual damages, presumed damages, punitive damages, and consequential damages from Defendants' actions.

## X.   EXEMPLARY DAMAGES

43.   Defendants' statements about Plaintiff were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

44.   These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future

## XI.   ATTORNEYS' FEES AND COSTS

45.   Plaintiff integrates all preceding paragraphs as if fully set forth herein and further incorporate by reference herein all preceding paragraphs hereto.

46.   Plaintiff seeks recovery of their reasonable and necessary attorneys' fees, costs and expenses through trial and all appeals under applicable Texas law.

47.     Plaintiff has been required to obtain legal counsel as a result of Defendants' intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting their claims. Plaintiff is therefore entitled to recover their reasonable and necessary attorney's fees.

## XII.    JURY DEMAND

48.     Plaintiff adopts the preceding paragraphs as if fully set forth herein.

49.     Plaintiff requests that a jury be convened to try the factual issues in this action.

## XIII.    REQUEST FOR DISCLOSURE

50.     Plaintiff hereby request that each party disclose within fifty (50) days of the service of this request, the information and material subject to disclosure subject to disclosure pursuant to Rules 190.2(b)(6) and 194.2.

51.     This request does not extend nor in any way alter the time for the filing an answer by any Defendant; Plaintiff reserves the right to move for a default judgment against any Defendant that fails to timely answer or appear.

## XIV.    NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

52.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each party is hereby given notice of Plaintiff's intent to use any and all documents produced by any and all parties at any pretrial hearing, depositions, proceedings, through discovery, the trial of this matter, or any combination. See Tex. R. Civ. P. 193.7.

## XV.    NOTICE OF DUTY TO SUPPLEMENT AND AMEND DISCOVERY RESPONSE

53.     Pursuant to Rules 193.5 and 195.6 of the Texas Rules of Civil Procedure, each party is hereby requested to take notice of his, her, or its duty to amend or supplement incomplete or incorrect responses to written discovery reasonably promptly after the necessity

for such a response is discovered. See Tex. R. Civ. P. 193.5(a), (b); see also Tex. R. Civ. P. 195.6.

## XVI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, and all punitive, additional, and exemplary damages as may be found.

In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

DATED:        February 28, 2020                    Respectfully submitted,

**The Bhatti Law Firm, PLLC**

/s/ Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF**
**FELIX CUADRADO**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    **VIEW AT KESSLER PARK**
       **2511 WEDGLEA DR**
       **DALLAS TEXAS 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELIX V. CUADRADO**

Filed in said Court **28th day of February, 2020** against

**VIEW AT KESSLER PARK, ET AL**
For Suit, said suit being numbered **DC-20-03308,** the nature of which demand is as follows:
Suit on **DEFAMATION** etc. as shown on said petition **& REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of March, 2020.



| ESERVE |
| :---: |
| **CITATION** |
| DC-20-03308 |
| **FELIX V. CUADRADO**<br>**vs.**<br>**VIEW AT KESSLER PARK et al** |
| ISSUED THIS<br>**5th day of March, 2020** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: ANGELA CONEJO, Deputy |

Attorney for Plaintiff
VINCENT S BHATTI
THE BHATTI LAW FIRM PLLC
11785 PRESTON RD. SUITE 550
DALLAS TEXAS 75254
214-253-2533

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

**EXHIBIT
A-3**

# OFFICER'S RETURN

Case No. :  DC-20-03308

Court No.134th District Court

Style: FELIX V. CUADRADO

 vs.

VIEW AT KESSLER PARK et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **TI COMMUNITIES**
       **1125 EXECUTIVE CIRCLE, SUITE 100**
       **IRVING, TEXAS 75038**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELIX V. CUADRADO**

Filed in said Court  **28th day of February, 2020** against

## VIEW AT KESSLER PARK, ET AL
For Suit, said suit being numbered **DC-20-03308,** the nature of which demand is as follows:
Suit on **DEFAMATION** etc. as shown on said petition **& REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of March, 2020.



ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

BY_____, Deputy
       ANGELA CONEJO

**ESERVE**

**CITATION**

**DC-20-03308**

**FELIX V. CUADRADO**
**vs.**
**VIEW AT KESSLER PARK et al**

ISSUED THIS
**5th day of March, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

Attorney for Plaintiff
VINCENT BHATTI
THE BHATTI LAW FIRM PLLC
11785 PRESTON RD. SUITE 350
DALLAS TEXAS 75254
214-253-2533

DALLAS COUNTY
SERVICE FEES
NOT PAID

**EXHIBIT**
**A-4**

# OFFICER'S RETURN

Case No. :  DC-20-03308

Court No.134th District Court

Style: FELIX V. CUADRADO

 vs.

VIEW AT KESSLER PARK et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
3/2/2020 3:41 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

JUDGE DALE TILLERY PRESIDING
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 – 134th Ct. Clerk
214/653-6995 – Ct. Coordinator
fly@dallascourts.org

March 02, 2020

VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON ROAD
SUITE 550
DALLAS TX 75254

Re:   FELIX V. CUADRADO vs.  VIEW AT KESSLER PARK et al
      DC-20-03308

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

**May 15, 2020 at 10:00 AM**

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

pc:  VINCENT J BHATTI

**EXHIBIT A-5**

ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.

FILED
3/18/2020 11:18 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
CAROLYN SELLERS DEPUTY

## CAUSE NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK AND** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| **Defendants.** | § | **134th JUDICIAL DISTRICT** |

## JOINT STIPULATION OF EXTENSION OF TIME TO ANSWER PLAINTIFF'S ORIGINAL PETITION

Defendants' Answer to Plaintiff Felix Cuadrado's Original Petition is due by 10:00 a.m. on Monday, April 6, 2020. The parties, by and through their undersigned counsel, have agreed that Defendants may have an extension until and including June 5, 2020, to answer or otherwise respond to Plaintiff's Original Petition.

The parties intend to use the extended time to explore early resolution of this matter.

**JOINT STIPULATION OF EXTENSION OF TIME TO ANSWER PLAINTIFF'S ORIGINAL COMPLAINT**

**EXHIBIT
A-6**

**PAGE 1**

Respectfully submitted,                    Respectfully submitted,


_/s/ Vincent J. Bhatti_____            /s/ Kristin L. Bauer_____
Vincent J. Bhatti                          Kristin L. Bauer, Esq.
Texas State Bar No. 24055169               Lead Attorney
Vincent.bhatti@bhattilawfirm.com           State Bar No. 24006813
Ditty S. Bhatti                            Kristin.bauer@jacksonlewis.com
Texas State Bar No. 24062803               Julie A. Farmer, Esq.
Ditty.bhatti@bhattilawfirm.com             State Bar No. 24059734
The Bhatti Law Firm, PLLC                  Julie.farmer@jacksonlewis.com
14785 Preston Road, Suite 550              Jackson Lewis P.C.
Dallas, Texas 75254                        500 N. Akard, Suite 2500
Telephone: (214) 253-2533                  Dallas, Texas 75201
Facsimile: (214) 279-0033                  PH: (214) 520-2400
                                           FX: (214) 520-2008
**ATTORNEYS FOR PLAINTIFF**

                                           **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served on the following counsel of record via electronic service on March 18, 2020:

Vincent J. Bhatti
Vincent.bhatti@bhattilawfirm.com
Ditty S. Bhatti
Ditty.bhatti@bhattilawfirm.com
The Bhatti Law Firm, PLLC
14785 Preston Road, Suite 550
Dallas, Texas 75254


/s/ Kristin L. Bauer_____
Kristin L. Bauer, Esq.


**JOINT STIPULATION OF EXTENSION OF TIME TO**
**ANSWER PLAINTIFF'S ORIGINAL COMPLAINT**                    **PAGE 2**

FILED
3/18/2020 2:24 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

Case 3:20-cv-03492-M   Document 1-1   Filed 11/25/20   Page 27 of 189   PageID 31

CAUSE NO. <u>DC-20-03308</u>

| | | |
|---|---|---|
| **FELIX V. CUADRADO** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **134TH JUDICIAL DISTRICT** |
| | § | |
| **VIEW AT KESSLER PARK AND TI** | § | |
| **COMMUNITIES** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Monday, March 9, 2020 at 1:25 PM,**
Executed at: **1125 EXECUTIVE CIRCLE, SUITE 100, IRVING, TX 75038**
within the county of **DALLAS** at **2:55 PM,** on **Thursday, March 12, 2020,**
by delivering to the within named:

### TI COMMUNITIES

By delivering to its **Vice President, CARRIE POLONSKY**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Brian K. Lewis** who after being duly sworn on oath states: "My name is **Brian K. Lewis**. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: _____

**Brian K. Lewis - PSC 10485 - Exp 08/31/21**
served@specialdelivery.com

**Subscribed and Sworn to by Brian K. Lewis, Before Me, the undersigned authority, on this 12TH day of March, 2020.**

_____
**Notary Public in and for the State of Texas**

MICHAEL S. HARP
Notary Public
STATE OF TEXAS
ID#12499806-6
My Comm. Exp. July 23, 2020

**EXHIBIT**
**A-7**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** TI COMMUNITIES
1125 EXECUTIVE CIRCLE, SUITE 100
IRVING, TEXAS 75038

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELIX V. CUADRADO**

Filed in said Court  **28th day of February, 2020** against

**VIEW AT KESSLER PARK, ET AL**
For Suit, said suit being numbered <u>**DC-20-03308,**</u> the nature of which demand is as follows:
Suit on **DEFAMATION** etc. as shown on said petition **& REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of March, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-20-03308**

**FELIX V. CUADRADO**
vs.
**VIEW AT KESSLER PARK et al**

**ISSUED THIS**
**5th day of March, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON RD, SUITE 550
DALLAS TEXAS  75254
214-253-2533
Vincent.bhatti@bhattilawfirm.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-03308

Court No.134th District Court

Style: FELIX V. CUADRADO

vs.

VIEW AT KESSLER PARK et al

Came to hand on the _____ day of _____ , 20 _____ at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20 _____ , by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation      $ _____

For mileage      $ _____    of _____ County,

For Notary      $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas )

Signed and sworn to by the said

_____ before me this _____ day of _____ , 20 _____ .

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
| Defendants. | § | |

## ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

On this day the Court considered Plaintiff's Motion for Substituted Service and the affidavit attached thereto.

The Court finds that service on the Secretary of State of Texas as provided by law is a manner of service that will be reasonably effective to give Defendant, View at Kessler Park notice of the suit. The Court further finds that View at Kessler Park may be properly served by leaving a true copy of the citation, with a copy of the Petition attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition, to any employee over 16 years of age at 2511 Wedglea Dr., Dallas, TX 75211.

IT IS THEREFORE AUTHORIZED AND ORDERED that the citation be served on Defendant, View at Kessler Park, by serving the Secretary of State of Texas by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of her office, duplicate copies of the citations in this cause, with copies of the Petition and Amended Petition attached to it. The Secretary of State shall immediately send one of the copies by registered mail addressed to Defendant, View at Kessler Park.

IT IS THEREBY AUTHORIZED AND ORDERED that the Defendant, View at Kessler Park may be served by either leaving a true copy of the citations, with a copy of the Petition

Order

**EXHIBIT
A-8**

Page 1

attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea

Dr., Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition

attached to any employee over 16 years of age at 2511 Wedglea Dr., Dallas, TX 75211.

      IT IS FURTHER ORDERED that the Return of Citation, endorsed on or attached to the

citations, will state when and how the citations were served.

      SIGNED this _____ day of _____ 2020.


_____

HONORABLE DALE TILLERY
Judge Presiding

FILED
5/18/2020 10:26 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

JUDGE DALE TILLERY PRESIDING
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
314/653-7546 -- 134th Ct. Clerk
214/653-6995 -- Ct. Coordinator
fly@dallascourts.org

May 18, 2020

VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON ROAD
SUITE 550
DALLAS TX  75254

     Re:    FELIX V. CUADRADO  vs.  VIEW AT KESSLER PARK et al
           DC-20-03308

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

**June 19, 2020** at  **10:00 AM**

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, either by appearance at the dismissal docket hearing or by a filed motion to retain the case on the docket, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

DBT/fll
pc:  VINCENT J BHATTI

**EXHIBIT
A-9**

ALL PARTIES MUST BE COPIED ON ALL WRITTEN COMMUNICATION TO THE COURT

FILED
5/26/2020 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

## CASE NO. DC-20-03308

Martin Reyes

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
| Defendants. | § | |

## <u>MOTION FOR SUBSTITUTED SERVICE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff in the above-styled and numbered cause of action, requesting this Court to allow Plaintiff to serve Defendant, View at Kessler Park, through substituted service of citation, and would show as follows:

1.      Plaintiff moves that the Court authorize and order substituted service of citation as provided for by Tex. R. Civ. P. 106 and the Tex. Bus. Corp. Act Ann. Art. 2.11B.

2.      Defendant, View at Kessler Park is a domestic business whose office is located at 2511 Wedglea Dr., Dallas, TX 75211.  This is Defendant, View at Kessler Park's location for service of citation purposes.

3.      Service of citation at Defendant, View at Kessler Park usual place of business and where defendants can probably be found has been attempted by delivery to the defendant in person on two occasions.  On the two occasions, Plaintiff attempted to serve Defendant, View at Kessler Park, but such attempts were not successful because Defendant's office is closed, potentially due to COVID-19.  See attached Affidavit of Service, Exhibit A.

4.      Plaintiffs have been unable to secure personal service by delivery of the citation to Defendant, View at Kessler Park in person.  The attached affidavit shows the location of the

Motion for Substituted Service

**EXHIBIT
A-10**

Page  1

Defendant and the specific facts showing that service has been attempted under the requirements of Tex. R. Civ. P. 106, but has not been successful.

5.      Service on Defendant, View at Kessler Park by serving the Secretary of State of Texas in accordance with law is a manner of service that will be reasonably effective to give Defendant, View at Kessler Park notice of the suit.

6.      Further, Defendant, View at Kessler Park may be given proper notice of this suit if the process server either leaves a copy of the citation and Petition to the front door of Defendant, View at Kessler Park's place of business at 2511 Wedglea Dr., Dallas, TX 75211.

Respectfully submitted,

THE BHATTI LAW FIRM, PLLC

/s/Ditty S. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, Texas 75254
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 25th day of May, 2020.


/s/*Ditty S. Bhatti*
Ditty S. Bhatti

## CAUSE NO. <u>DC-20-03308</u>

| FELIX V. CUADRADO | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| VS. | § | **134TH JUDICIAL DISTRICT** |
| **VIEW AT KESSLER PARK AND TI** | § | |
| **COMMUNITIES** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

## <u>AFFIDAVIT OF DILIGENCE TO EFFECT SERVICE</u>

On this day, before me the undersigned authority, personally appeared RAYQUEL BRANCH, known to me to be the person whose name is subscribed hereto and under oath states:

"My name is RAYQUEL BRANCH. I am over the age of eighteen (18) years, of sound mind, and am not party to or interested in the above styled and numbered cause. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct.

It is impractical to secure service of process on **VIEW AT KESSLER PARK**, Party in the above entitled and numbered cause, by delivering to said party, in person, a true and correct copy of the CITATION and PLAINTIFF'S ORIGINAL PETITION.

I have attempted to personally deliver said CITATION and PLAINTIFF'S ORIGINAL PETITION upon the defendant on the following days and times, at 2511 WEDGLEA DRIVE #1B, DALLAS, TX 75211, but have been unsuccessful for the following reasons:

**Wednesday, March 11, 2020, 9:30 AM - CITATION and PLAINTIFF'S ORIGINAL PETITION came to my hand.**

**Monday, March 16, 2020  12:35 PM -  I attempted service at the business of VIEW AT KESSLER PARK at the address of 2511 Wedglea Drive #1B, Dallas, TX and the office was closed.**

**Thursday, March 26, 2020  2:01 PM – I attempted service at the business of VIEW AT KESSLER PARK at the address of 2511 Wedglea Drive #1B, Dallas, TX and the office was closed. I observed a sign stating the office is only open for virtual assistance due to the pandemic. I called and left a message for someone to return my call.**

**As of the date of this affidavit, I have not been contacted by the defendant.**

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is RAYQUEL BRANCH, my date of birth is September 19, 1981, and my address is 3017 Graystone CT, Seagoville, Texas 75159, in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the ____ day of _____, 2020.

By: _____

**RAYQUEL BRANCH - PSC 15153 - Exp 07/31/20**

CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
|     Defendants. | § | |

**ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE**

On this day the Court considered Plaintiff's Motion for Substituted Service and the affidavit attached thereto.

The Court finds that service on the Secretary of State of Texas as provided by law is a manner of service that will be reasonably effective to give Defendant, View at Kessler Park notice of the suit. The Court further finds that View at Kessler Park may be properly served by leaving a true copy of the citation, with a copy of the Petition attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., #1B, Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition, to any employee over 16 years of age at 2511 Wedglea Dr., #1B, Dallas, TX 75211.

IT IS THEREFORE AUTHORIZED AND ORDERED that the citation be served on Defendant, View at Kessler Park, by serving the Secretary of State of Texas by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of her office, duplicate copies of the citations in this cause, with copies of the Petition and Amended Petition attached to it. The Secretary of State shall immediately send one of the copies by registered mail addressed to Defendant, View at Kessler Park.

IT IS THEREBY AUTHORIZED AND ORDERED that the Defendant, View at Kessler Park may be served by either leaving a true copy of the citations, with a copy of the Petition

Order

**EXHIBIT A-11**

Page 1

attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., #1B, Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition attached to any employee over 16 years of age at 2511 Wedglea Dr., #1B, Dallas, TX 75211.

IT IS FURTHER ORDERED that the Return of Citation, endorsed on or attached to the citations, will state when and how the citations were served.

SIGNED this _____ day of _____ 2020.

_____
HONORABLE DALE TILLERY
Judge Presiding

CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
|     Defendants. | § | |

## ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

On this day the Court considered Plaintiff's Motion for Substituted Service and the affidavit attached thereto.

The Court finds that service on the Secretary of State of Texas as provided by law is a manner of service that will be reasonably effective to give Defendant, View at Kessler Park notice of the suit. The Court further finds that View at Kessler Park may be properly served by leaving a true copy of the citation, with a copy of the Petition attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., #1B, Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition, to any employee over 16 years of age at 2511 Wedglea Dr., #1B, Dallas, TX 75211.

IT IS THEREFORE AUTHORIZED AND ORDERED that the citation be served on Defendant, View at Kessler Park, by serving the Secretary of State of Texas by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of her office, duplicate copies of the citations in this cause, with copies of the Petition and Amended Petition attached to it. The Secretary of State shall immediately send one of the copies by registered mail addressed to Defendant, View at Kessler Park.

IT IS THEREBY AUTHORIZED AND ORDERED that the Defendant, View at Kessler Park may be served by either leaving a true copy of the citations, with a copy of the Petition

Order

**EXHIBIT
A-12**

Page 1

attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., #1B, Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition attached to any employee over 16 years of age at 2511 Wedglea Dr., #1B, Dallas, TX 75211.

IT IS FURTHER ORDERED that the Return of Citation, endorsed on or attached to the citations, will state when and how the citations were served.

SIGNED this _29_ day of _May_ 2020.

HONORABLE DALE TILLERY
Judge Presiding

Order                                                                   Page 2

FILED
6/5/2020 1:57 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

**CAUSE NO. DC-20-03308**

Martin Reyes

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK AND** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| **Defendants.** | § | **134th JUDICIAL DISTRICT** |

## DEFENDANT TI COMMUNITIES' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant TI Communities ("Defendant") files its Original Answer to Plaintiff's Original Petition as follows:

### I.     GENERAL DENIAL

Defendant enters a general denial under Texas Rule of Civil Procedure 92 and requests that Plaintiff be required to prove all facts necessary to establish his causes of action by a preponderance of the evidence.

### II.     DEFENSES AND AFFIRMATIVE DEFENSES

1.     Any alleged slanderous, libelous or disparaging statements are not defamatory.

2.     Any alleged publication of the alleged defamatory statements is absolutely and/or qualifiedly privileged.

3.     Statements regarding Plaintiff were true or substantially true.

4.     Plaintiff has failed to mitigate his alleged damages or has failed to take reasonable steps to mitigate his alleged damages, if any.

5.     Plaintiff has no evidence of, and cannot show that Defendant acted with, actual malice.

**DEFENDANT TI COMMUNITIES' ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**                                    **PAGE 1**

**EXHIBIT
A-13**

6.      All or part of the relief sought by Plaintiff is not available under the applicable law.  To the extent necessary, Defendant invokes all applicable damage caps or limitations, including but not limited to, the limitations set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 41.008.

7.      To the extent Plaintiff complains of a written statement given to a person desiring to employ Plaintiff, his claims are barred by Section 52.031 of the Texas Labor Code.

8.      Plaintiff's defamation claim is barred by Section 103.004 of the Texas Labor Code.

9.      Any alleged defamatory statements are matters of opinion and not actionable.

10.     Plaintiff's claims are barred by waiver, estoppel, unclean hands, and ratification.

11.     In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available under the Texas Rules of Civil Procedure upon the completion of discovery.

### III.     REQUEST FOR RELIEF

For these reasons, Defendant requests that Plaintiff's claims be dismissed with prejudice, that Plaintiff take nothing by this action, that Defendant recovers its costs and attorneys' fees, and that the Court grant such other and further relief as is appropriate.

Respectfully submitted,

JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANT
TI COMMUNITIES**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading was served on the following counsel of record via electronic service on June 5, 2020:

Vincent J. Bhatti
Vincent.bhatti@bhattilawfirm.com
Ditty S. Bhatti
Ditty.bhatti@bhattilawfirm.com
The Bhatti Law Firm, PLLC
14785 Preston Road, Suite 550
Dallas, Texas 75254

/s/ Kristin L. Bauer
Kristin L. Bauer, Esq.

FILED
6/17/2020 5:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rodriguez DEPUTY

**ATTENTION! CASE WILL BE CARRIED FOR TWO (2) WEEKS.**

**JUDGE DALE TILLERY PRESIDING**
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 — 134th Ct. Clerk
214/653-6995 — Ct. Coordinator
fly@dallascourts.org

June 17, 2020

VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON ROAD
SUITE 550
DALLAS TX  75254

Re:    FELIX V. CUADRADO  vs.  VIEW AT KESSLER PARK et al
       DC-20-03308

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

**NON JURY TRIAL:**        06/21/2021 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY,
Presiding Judge

DBT/fll
pc:  VINCENT J BHATTI; KRISTIN BAUER

**EXHIBIT
A-14**

JUDGE DALE TILLERY PRESIDING
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 — 134th Ct. Clerk
214/653-6095 — Ct. Coordinator
fly@dallascourts.org

June 17, 2020

KRISTIN BAUER
JACKSON LWIS LLP
500 N AKARD SUITE 2500
DALLAS TX  75201

Re:   FELIX V. CUADRADO  vs.  VIEW AT KESSLER PARK et al
      DC-20-03308

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

**NON JURY TRIAL:**      06/21/2021 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY,
Presiding Judge

DBT/fll
pc:  VINCENT J BHATTI; KRISTIN BAUER

CAUSE No. <u>DC-20-03308</u>

| | |
|---|---|
| **FELIX V. CUADRADO** | **IN THE DISTRICT COURT** |
| **vs.** | **134TH JUDICIAL DISTRICT** |
| **VIEW AT KESSLER PARK et al** | **DALLAS COUNTY, TEXAS** |

## UNIFORM SCHEDULING ORDER (LEVEL 3)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.  This case will be ready and is set for **NON JURY TRIAL** on **JUNE 21, 2021** at **9:00 AM** ("this Trial Setting"). Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. **If not reached as set, the case will be carried to the next week.**

2.  Pretrial matters will be completed by the following dates:

| | | |
|---|---|---|
| a. | amended pleadings asserting new causes of action or defenses............................................ | 130 days before this Trial Setting |
| b. | fact discovery closes ...................................... | 115 days before this Trial Setting |
| c. | party seeking affirmative relief to designate experts (if no reports provided) See: Rule 195.3(a)(1) .................................................. | 115 days before this Trial Setting |
| d. | party seeking affirmative relief to designate experts (if reports provided) See: Rule 195.3(a)(3) .................................................. | 105 days before this Trial Setting |
| e. | party not seeking affirmative relief or opposing affirmative relief to designate experts & make available for deposition See: Ruler 195.3(b) ..................................... | 90 days before this Trial Setting |
| f. | designation of rebuttal experts either make available for deposition or provide reports .... | 75 days before this Trial Setting |
| g. | all expert discovery closes ............................ | 45 days before this Trial Setting |
| h. | other amended pleadings................................ | 45 days before this Trial Setting |

3.  The parties may, by written agreement, alter the pretrial deadlines, set forth above. Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery. Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.      Each side may have 75 hours of depositions and each party may have 50 interrogatories.

5.      No additional parties may be joined more than eight (8) months after the commencement of this case except on motion for leave showing good cause.  This paragraph does not otherwise alter the requirements of Rule 38.  The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      If mediation, or other alternative dispute resolution, is agreed to by the parties, then it will be conducted in accordance with the Texas Rules of Civil Procedure; the Texas Government Code and the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator.

Mediation must be conducted thirty (30) days prior to the first trial setting in this case.

The parties' decision to mediate in this case will not be a basis for a continuance of any trial setting.

7.      Fourteen (14) days before this Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.  Ten (10) days before this Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony.  On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters.  By 4 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine.  The duty to file the materials stated in Rule 166(e)-(l) exists even in the absence of the parties' ability to meet in person in order to confer on stipulations regarding the materials to be submitted to the Court. The failure to file the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine may result in dismissal for want of prosecution or other appropriate sanction.

8.      All Daubert challenges and witness challenges and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

9.      The provisions of Chapter 18 of the Texas Civil Practice & Remedies Code shall control, and not be interpreted in conflict with, this UNIFORM SCHEDULING ORDER.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

**SIGNED** on   6/17/2020 .

DALE TILLERY, Presiding Judge

pc:    VINCENT J BHATTI; KRISTIN BAUER

CAUSE No.  DC-20-03308

| FELIX V. CUADRADO | IN THE DISTRICT COURT |
|---|---|
| vs. | 134TH JUDICIAL DISTRICT |
| VIEW AT KESSLER PARK et al | DALLAS COUNTY, TEXAS |

## UNIFORM SCHEDULING ORDER (LEVEL 3)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.     This case will be ready and is set for **NON JURY TRIAL** on **JUNE 21, 2021** at **9:00 AM** ("this Trial Setting").  Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.  **If not reached as set, the case will be carried to the next week.**

2.     Pretrial matters will be completed by the following dates:

| | | |
|---|---|---|
| a. | amended pleadings asserting new causes of action or defenses | 130 days before this Trial Setting |
| b. | fact discovery closes | 115 days before this Trial Setting |
| c. | party seeking affirmative relief to designate experts (if no reports provided)  See: Rule 195.3(a)(1) | 115 days before this Trial Setting |
| d. | party seeking affirmative relief to designate experts (if reports provided)  See: Rule 195.3(a)(3) | 105 days before this Trial Setting |
| e. | party not seeking affirmative relief or opposing affirmative relief to designate experts & make available for deposition See:  Ruler 195.3(b) | 90 days before this Trial Setting |
| f. | designation of rebuttal experts either make available for deposition or provide reports | 75 days before this Trial Setting |
| g. | all expert discovery closes | 45 days before this Trial Setting |
| h. | other amended pleadings | 45 days before this Trial Setting |

3.     The parties may, by written agreement, alter the pretrial deadlines, set forth above.  Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.  Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.  Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived.  Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

**EXHIBIT**
**A-15**

4.      Each side may have 75 hours of depositions and each party may have 50 interrogatories.

5.      No additional parties may be joined more than eight (8) months after the commencement of this case except on motion for leave showing good cause.  This paragraph does not otherwise alter the requirements of Rule 38.  The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      If mediation, or other alternative dispute resolution, is agreed to by the parties, then it will be conducted in accordance with the Texas Rules of Civil Procedure; the Texas Government Code and the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator.

Mediation must be conducted thirty (30) days prior to the first trial setting in this case.

The parties' decision to mediate in this case will not be a basis for a continuance of any trial setting.

7.      Fourteen (14) days before this Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.  Ten (10) days before this Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony.  On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters.  By 4 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine.  The duty to file the materials stated in Rule 166(e)-(l) exists even in the absence of the parties' ability to meet in person in order to confer on stipulations regarding the materials to be submitted to the Court. The failure to file the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine may result in dismissal for want of prosecution or other appropriate sanction.

8.      All Daubert challenges and witness challenges and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

9.      The provisions of Chapter 18 of the Texas Civil Practice & Remedies Code shall control, and not be interpreted in conflict with, this UNIFORM SCHEDULING ORDER.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

**SIGNED** on   6/17/2020 .

DALE TILLERY, Presiding Judge

pc:    VINCENT J BHATTI; KRISTIN BAUER

FILED
6/18/2020 12:10 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

## CAUSE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | 134TH JUDICIAL DISTRICT |
| | § | |
| VIEW AT KESSLER PARK AND TI | § | |
| COMMUNITIES, | § | |
| | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Tuesday, June 2, 2020 at 9:45 AM,**
Executed at: **2511 WEDGLEA DRIVE, #1B, DALLAS, TX 75211**
within the county of **DALLAS** at **2:30 PM**, on **Tuesday, June 2, 2020,**
by delivering to the within named:

### VIEW AT KESSLER PARK

a true copy of this

### CITATION, PLAINTIFF'S ORIGINAL PETITION and ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

**By leaving a a true copy of the Citation, with a copy of the Petition, and Order Granting Motion for Substituted Service, attached to the front door of Defendant, View at Kessler Park's, place of business at 2511 Wedglea Drive, #1b, Dallas, Texas 75211 per ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE (See EXHIBIT "A" attached) having first endorsed thereon the date of the delivery.**

**BEFORE ME,** the undersigned authority, on this day personally appeared **Brian K. Lewis** who after being duly sworn on oath states: "My name is **Brian K. Lewis**. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: _____

**Brian K. Lewis - PSC 10485 - Exp 08/31/21**
**served@specialdelivery.com**

Subscribed and Sworn to by Brian K. Lewis, Before Me, the undersigned authority, on this 8TH day of June, 2020.



MICHAEL S. HARP
Notary Public
STATE OF TEXAS
ID#12499806-6
My Comm. Exp. July 23, 2020

**EXHIBIT**
**A-16**

_____
Notary Public in and for the State of Texas

**CASE NO. DC-20-03308**

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
| Defendants. | § | |

## ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

On this day the Court considered Plaintiff's Motion for Substituted Service and the affidavit attached thereto.

The Court finds that service on the Secretary of State of Texas as provided by law is a manner of service that will be reasonably effective to give Defendant, View at Kessler Park notice of the suit. The Court further finds that View at Kessler Park may be properly served by leaving a true copy of the citation, with a copy of the Petition attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., #1B, Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition, to any employee over 16 years of age at 2511 Wedglea Dr., #1B, Dallas, TX 75211.

IT IS THEREFORE AUTHORIZED AND ORDERED that the citation be served on Defendant, View at Kessler Park, by serving the Secretary of State of Texas by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of her office, duplicate copies of the citations in this cause, with copies of the Petition and Amended Petition attached to it. The Secretary of State shall immediately send one of the copies by registered mail addressed to Defendant, View at Kessler Park.

IT IS THEREBY AUTHORIZED AND ORDERED that the Defendant, View at Kessler Park may be served by either leaving a true copy of the citations, with a copy of the Petition

Order                                                                                           Page 1

attached, to the front door of Defendant, View at Kessler Park place of business at 2511 Wedglea Dr., #1B, Dallas, TX 75211, or by delivering the citations, with a copy of the citation and Petition attached to any employee over 16 years of age at 2511 Wedglea Dr., #1B, Dallas, TX 75211.

IT IS FURTHER ORDERED that the Return of Citation, endorsed on or attached to the citations, will state when and how the citations were served.

SIGNED this _29_ day of _May_ 2020.

HONORABLE DALE TILLERY
Judge Presiding

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** **VIEW AT KESSLER PARK**
**2511 WEDGLEA DR**
**DALLAS TEXAS 75211**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 134ᵗʰ **District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELIX V. CUADRADO**

Filed in said Court **28ᵗʰ day of February, 2020** against

**VIEW AT KESSLER PARK, ET AL**
For Suit, said suit being numbered **DC-20-03308,** the nature of which demand is as follows:
Suit on **DEFAMATION** etc. as shown on said petition **& REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of March, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
ANGELA CONEJO

---

**ESERVE**

**CITATION**

**DC-20-03308**

**FELIX V. CUADRADO**
**vs.**
**VIEW AT KESSLER PARK et al**

ISSUED THIS
5th day of March, 2020

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON RD, SUITE 550
DALLAS TEXAS 75254
214-253-2533
Vincent.bhatti@bhattilawfirm.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-03308

Court No.134th District Court

Style: FELIX V. CUADRADO

vs.

VIEW AT KESSLER PARK et al

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | | | |
| For mileage | $_____ | of_____ County, _____ | | |
| For Notary | $_____ | By_____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____ , 20_____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____



EXHIBIT "A"



FILED
6/18/2020 3:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

Case 3:20-cv-03492-M   Document 1-1   Filed 11/25/20   Page 60 of 189   PageID 64

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF WESTMOUNT AT KESSLER PARK L.P.

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Westmount at Kessler Park L.P. ("WKPLP"), one of the parties *presumably* named as a party defendant in the above captioned cause, and for its Original Answer to Plaintiff's Original Petition would state the following:

### I.

### Special Exception

While WKPLP has been the record owner of a multi-family project commonly known as "View at Kessler Park" since early August of 2019, it has not registered an assumed name certificate under the name "View at Kessler Park", nor is it aware of any other party, or potential party, which has.   As such, WKPLP would assert that it is not a proper party to the case at bar and, thus, files this special exception to the claims and causes of action asserted in Plaintiff's Original Petition.

---

EXHIBIT
A-17

## II.

### General Denial

Without waiving the above and foregoing special exception, WKPLP denies each and every, all and singularly, the material allegations set forth in Plaintiff's Original Petition, states the same are untrue, in whole or in part, and demands strict proof thereof by a preponderance of the evidence in accordance with its right at law, reserving hereby its right to amend this Answer to incorporate other and/or further defenses, if, when and/or should become necessary.

## III.

### Verified Denial

Once again, without waving the above and foregoing special exception, WKPLP would assert, by way of further answer, that, pursuant to the provisions of Rules 93(2), (4), and (14), Texas Rules of Civil Procedure, there is a defect in the parties defendant in the case at bar, that WKPLP at no time employed Plaintiff, in any capacity, either directly or through an agent, did not own the "View at Kessler Park" property during the timeframe in which Plaintiff claims to have been damaged, and that WKPLP is not liable in the capacity in which it has *presumably* been sued.

WHEREFORE, PREMISES CONSIDERED, Westmount at Kessler Park L.P. prays that Plaintiff take nothing by way of this suit, that it recover its reasonable and necessary attorneys' fees and costs incurred in its defense of same, along with such other and further relief, either at law or in equity it may show itself to be justly entitled.

Respectfully submitted,

COATS  |  ROSE, P.C.

By:    */s/ Alan J. Harlan*

Alan J. Harlan
State Bar No. 09010200

600 Signature Place
14755 Preston Road
Dallas, Texas   75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy
aharlan@coatsrose.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of June, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:   (214) 253-2533
Facsimile: (214) 279-0033
Email:   vincent.bhatti@bhattilawfirm.com
Email:   ditty.bhatti@bhattilawfirm.com

/s/ Alan J. Harlan
Alan J. Harlan

## **VERIFICATION**

STATE OF TEXAS     §
                               §
COUNTY OF DALLAS    §

        BEFORE ME, the undersigned authority, on this day personally appeared Clifford A. Booth, known to me to be the person whose name is subscribed below, and, after having been duly sworn, stated under oath as follows:

                "My name is Clifford A. Booth. I am over twenty-one years of age and in all respects competent to make this Affidavit. I am Manager of Westmount at Kessler Park G.P., LLP, a Delaware limited liability company, which is the general partner of Westmount at Kessler Park LP, a Delaware limited partnership, owner of that multi-family property commonly known as "View at Kessler Park", a named defendant in this lawsuit. I have reviewed Westmount at Kessler Park LP's Original Answer and the statements contained therein are within my personal knowledge and are true and correct."

Further, Affiant sayeth not.

                             WESTMOUNT AT KESSLER PARK LP,
                             a Delaware limited partnership

                             By:   WESTMOUNT AT KESSLER PARK GP LLC,
                             a Delaware limited liability company,
                             its general partner

                             By:                                
                             Name: Clifford A. Booth
                             Title:   Manager

SWORN AND SUBSCRIBED TO BEFORE ME on this the 18ᵗʰ day of June, 2020.

DIANNA HARTWELL
Notary ID # 129041838
My Commission Expires
July 3, 2020

                                                
                                     Notary Public, State of Texas

JUDGE DALE TILLERY PRESIDING
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 — 134th Ct. Clerk
214/653-6995 — Ct. Coordinator
fly@dallascourts.org

May 18, 2020

VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON ROAD
SUITE 550
DALLAS TX  75254

      Re:    FELIX V. CUADRADO  vs.  VIEW AT KESSLER PARK et al
            DC-20-03308

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

<p align="center"><strong>June 19, 2020</strong> at  <strong>10:00 AM</strong></p>

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, either by appearance at the dismissal docket hearing or by a filed motion to retain the case on the docket, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

DBT/fll
pc:  VINCENT J BHATTI

**EXHIBIT**
**A-18**

FILED
6/19/2020 4:27 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

Case 3:20-cv-03492-M   Document 1-1   Filed 11/25/20   Page 66 of 189   PageID 70

## NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## <u>CERTIFICATE OF WRITTEN DISCOVERY</u>

Westmount at Kessler Park L.P. ("WKPLP") files this Certificate of Written Discovery directed to Plaintiff, Felix V. Cuadrado, in this cause, pursuant to the applicable local rule and states that the discovery set forth below was served on all parties on the19th day of June, 2020:

1. Defendant Westmount at Keller Park, L.P.'s Request for Disclosure to Plaintiff.

Respectfully submitted,

COATS │ ROSE, P.C.

By:   */s/ Alan J. Harlan*
Alan J. Harlan
State Bar No. 09010200

ATTORNEYS FOR DEFENDANT
WESTMOUNT AT KESSLER PARK, L.P.

EXHIBIT
A-19

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 19th day of June, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm PLLC
Vincent J. Bhatti
State Bar No. 24055160
Ditty S. Bhatti
State Bar No. 24063803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 251-3559
Facsimile: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com

Jackson Lewis P.C.
Kristin Baker
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24059734
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008
Email: bakerk@jacksonlewis.com
Email: farmerj@jacksonlewis.com

/s/ Alan J. Harlan
Alan J. Harlan

FILED
7/10/2020 11:15 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dorothy Strogen DEPUTY

**GILBERT**

**MEDIATION**

GROUP

CBS Television/CBS Tower
12001 N. Central Expressway
Suite 650
Dallas, Texas 75243
(214) 303-4500

Honorable Dale Tillery
134th Judicial District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, Box 650
Dallas, TX 75202

      RE:    *Felix Cuadrado v. View at Kessler Park and TI Communities*
              Cause No. DC-20-03308

Dear Judge Tillery:

      By agreement of the parties, the above-referenced case was referred to me for the purpose of conducting a mediation session which was held on July 9, 2020.

      The parties were unable to reach a settlement at the mediation session. I will continue working with the parties and counsel while this matter is pending in an effort to resolve this matter prior to trial. If further progress is made, I will provide the Court with an updated report when appropriate.

      I appreciate the opportunity to serve as mediator in this matter. Please let me know when I may be of further service to the Court.

              Yours very truly,

              /s/ *Courtenay L. Bass*

              Courtenay L. Bass

CLB/da

cc:    Vincent J. Bhatti, Esq.
       Kristin L. Bauer, Esq.
       Julie A. Farmer, Esq.

**EXHIBIT
A-20**

FILED
7/27/2020 12:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:20-cv-03492-M   Document 1-1   Filed 11/25/20   Page 69 of 189   PageID 73

### CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
|     Defendants. | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES Plaintiff, Felix Cuadrado, and files his Original Petition. Plaintiff respectfully shows the Court as follows:

### I.      RULE 190 DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery will be conducted in accordance with a Level 3 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

2.     Defendant seeks monetary relief between $200,000 and $1,000,000. The damages sought are within the jurisdictional limits of the Court.

### II.      PARTIES

3.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

4.     Plaintiff, Felix V. Cuadrado is an individual resident of Dallas County, Texas.

5.     Defendant, View at Kessler Park (hereinafter referred to as "Kessler") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its property location at 2511 Wedglea Dr., Dallas, TX 75211 or wherever it may be found.



**EXHIBIT
A-21**

6.      Defendant, TI Communities (hereinafter referred to as "TIC") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its corporate headquarters located at 1125 Executive Circle, Suite 100, Irving, TX 75038.

### III.    JURISDICTION

7.      The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

8.      This Court has jurisdiction over this cause of action because it involves an amount in controversy within the original jurisdiction of the Court, transacts business in the State of Texas.   This State has personal jurisdiction over this Defendant because it has purposefully availed itself of the privilege of conducting activities in the State of Texas, specifically Dallas County.   The cause of actions complained of and the events that transpired took place in Dallas County and, thereby, confers specific jurisdiction with respect to said Defendant. Furthermore, Defendants have engaged in activities constituting business in the State of Texas, specifically Dallas County.

9.      Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas and pursuant to Tex. Civ. Prac. and Rem. Code § 15.002, because Defendants operate in Dallas County and maintain offices in Dallas County.

10.     All conditions precedent to recovery have been performed, waived, or have occurred.

## IV.    FACTUAL BACKGROUND

11.    The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

12.    On or about February 26, 2018, Mr. Felix V. Cuadrado ("Cuadrado") was hired by Defendants as a Technician Director in Maintenance for service at an apartment building named View at Kessler Park ("View").

13.    Shortly after Mr. Cuadrado's arrival, the building manager at the View left his/her position and was replaced by an interim manager named Jessica.

14.    Jessica informed Mr. Cuadrado that her boyfriend had a company that would bring maintenance personnel to the View and expressed an intention to terminate Mr. Cuadrado's crew.

15.    Mr. Cuadrado advocated for his team to continue retaining their positions.

16.    Jessica began retaliating against Mr. Cuadrado systematically by harassing him verbally, through job assignments and micromanaging every aspect of his job.

17.    About one week prior to his termination, Mr. Cuadrado called Christine and Kathleen Ball at the corporate TI Communities office to report Jessica's harassing behavior.

18.    Both Kathleen and Christine stated they would speak with Jessica about the matter.

19.    Shortly thereafter, Jessica was removed as interim manager at the View to continuing her work as manager of another TI Community property called the Carlton.

20.    Nevertheless, on or about March 1, 2019, Jessica sent her lead maintenance person, Brian, with a pick-up truck to pick up a couple stoves at the View to be transferred to the Carlton.

Plaintiff's First Amended Petition                                                                 Page  3

21.     Typically, a person would pick-up the items in the back of the property to avoid disruption for residents, staff and potential residents in the front.  Nevertheless, Brian insisted he pick-up the stoves in the front of the property and demanded that Mr. Cuadrado bring the stoves to the front.

22.     Mr. Cuadrado brought the stoves to the front, as instructed, and helped Brian load them into his truck.

23.     Later that day, Mr. Cuadrado was called into the front office and told by Christine that he had stolen two stoves from the property.  Mr. Cuadrado explained that he brought the stoves to the front and loaded them into Brian's truck, as instructed.

24.     TI Management ignored Mr. Cuadrado's explanation and insisted that they had him on a video stealing the stoves.

25.     Mr. Cuadrado was then terminated from his position.

26.     TI Management insisted that Mr. Cuadrado take off his company T-Shirt and coat.

27.     Mr. Cuadrado complied and was shamefully escorted off the property, without a shirt, through the lobby of the property in front of residents and employees.

28.     On all knowledge and belief, Defendants did not call the police, initiate a criminal investigation or otherwise investigate the matter themselves before terminating Mr. Cuadrado.

29.     Defendants called Mr. Cuadrado a thief and published that facts to residents and employees and Plaintiff's prospective employers.

30.     Plaintiff applied for several positions after leaving Defendant.  He was initially offered the jobs contingent upon a reference check.  In each case, Plaintiff was not offered the job after the prospective employer contacted Defendants.

31.     Based on all information and knowledge, Defendants published the false accusation that Plaintiff was a thief to Plaintiff's prospective employers which prevented him from securing similar jobs.

32.     Approximately six (6) months after starting his employment with Defendants, Plaintiff was promised an unconditional bonus of approximately $10,000.00 upon sale of the building as an incentive to go above and beyond in making improvements and maintaining the building to prepare it for sale.

33.     Plaintiff made extraordinary efforts to help Defendants accomplish this goal.

34.     After six (6) months of working, Plaintiff was told by Defendants that he would receive a $10,000.00 bonus upon sale of the building.

35.     The only condition for Plaintiff to receive the bonus was that the building must sell.

36.     The building did sell shortly after Plaintiff was wrongfully terminated.

37.     Upon all knowledge and belief, this bonus was offered to incentivize Plaintiff to go above and beyond in preparing the building for sale and for him to continue working at the job.

38.     Plaintiff did both.

39.     The building required over a million dollars worth of repair to make sure the elevators were safe and up to date.

40.     Plaintiff learned the procedures from the elevator contractor and saved Defendants thousands of dollars by knowing how to make the repair himself.

41.     Defendants needed to repair the entire roof of the building for millions of dollars because the roof would flood during each rainstorm.

42.     Plaintiff solved this problem by purchasing water pumps that turned on during the rainstorms and pumped the water off the building's roof.   This saved Defendants millions of dollars.

43.     Plaintiff hung signage on the building using makeshift ladders and procedures putting his own life at risk to save Defendant's thousands of dollars.

44.     Plaintiff wired and provided lighting in the parking lot without needed another contractor saving Defendants thousands of dollars.

45.     Plaintiff found that the previous HVAC person had mixed two different types of Freon in several A/C units to save money.   The proposed fix was to completely replace the HVAC units.   Plaintiff modified the HVAC units which saved the Defendants hundreds of thousands of dollars in replacement costs for HVAC units.

46.     After he accomplished this goal, Defendants then concocted a false scenario to justify Plaintiff's summary termination and failed to pay him the promised bonus upon sale of the building which occurred shortly after Plaintiff's termination.

47.     Mr. Cuadrado believes that he was set up for termination intentionally.

48.     Plaintiff has been damaged as a direct result of Defendant's acts/omissions.

## V.      CAUSES OF ACTION

### *Defamation Per Se*

49.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

50.     Defendants called Mr. Cuadrado a thief and used this as a basis for his termination.

51.     Defendants were informed by Mr. Cuadrado that he was not a thief and that he provided the stoves to another employee named Brian who worked at the Carlton, another TI Communities property, as instructed by his superiors.

52.     Nevertheless, Defendants continued to call Mr. Cuadrado a thief and published the same to residents, employees and prospective employers.

53.     Defendants' statements are assumed to be defamatory because calling Mr. Cuadrado a thief labels him as someone who committed a crime of moral turpitude.

54.     Defendants' statements are so obviously harmful that no proof of injurious effect is necessary.

55.     Defendants' actions and statements were intentional and/or negligent.

56.     Defendants knew or should have known that Mr. Cuadrado did not steal the stoves.

### ***Tortious Interference With Prospective Business Relationship***

57.     The foregoing paragraph is incorporated as if fully set forth herein.

58.     Plaintiff applied and interviewed for several jobs after he was terminated from Defendants.

59.     On at least three (3) occasions, Plaintiff was offered the job contingent upon a reference check.

60.     After the prospective employers contacted Defendants, Plaintiff's job offer was withdrawn because they were told that Mr. Cuadrado was terminated for being a thief which was a knowingly false statement.

61.     Plaintiff has been unable to secure a position similar to his previous position with Defendant and has been forced to take on a lesser position with lesser pay to provide for his family.

62.     Plaintiff had a reasonable probability to enter into an employment relationship with each of the prospective employers.

63.     Defendants clearly knew that Plaintiff was not a thief as they themselves ordered him to load up the stoves on the truck of another one of Defendants employees.

64.     By communicating that Plaintiff was a thief to Defendant's prospective employers, they had a conscious desire or were substantially conscious or certain that Defendant would not obtain the position with a prospective employer by communicating he was a thief.

65.     The Defendants actions were independently tortious because they were defamatory and more specifically constituted defamation per se.

66.     Defendants' interference caused Plaintiff not to obtain the jobs with prospective employers.

67.     Plaintiff has not been able to secure a similar level job to the one he held with Defendants after leaving and therefore has suffered damages proximately caused by Defendants' actions.

### *Negligent/Intentional Misrepresentation*

68.     Plaintiff incorporates all paragraphs above as if stated herein.

69.     Plaintiff relied upon Defendants representation that he would obtain a $10,000 bonus in making his decision to take these actions and continue his employment with Defendants.

70.     Defendants either knew or should have known at the time of making the representation that they would not pay the bonus to Plaintiff.

71.     Defendants failed to pay the $10,000.00 bonus upon sale of the building.

72.     Plaintiff suffered injury by relying on Defendants' misrepresentations.

### *Breach of Contract*

73.     Plaintiff incorporates all previous paragraphs as if fully state herein.

74.     Defendants offered to pay Plaintiff a $10,000 bonus upon sale of the buildingin exchange for Plaintiff staying at the job and helping to get the building ready for sale.

75.     Plaintiff accepted the offer.

76.     Defendants sold the building.

77.     Defendants breached the agreement by failing to pay the $10,000 bonus as agreed.

78.     Plaintiff suffered damages as a result of the breach.

### *Promissory Estoppel (in the alternative to breach of contract)*

79.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

80.     Defendants promised a $10,000 bonus to Plaintiff upon sale of the building.

81.     Plaintiff relied on this promise by continuing his employment with Defendants and going above-beyond to help the building be prepared for sale.

82.     Defendants failed to pay the $10,000 bonus as promised.

83.     Plaintiff suffered damage as a result.

### *Quantum Meruit*

84.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

85.     Plaintiff provided valuable services and used his own personal tools and equipment in providing services to Defendants to prepare the building for sale.

86.     Defendants gladly accepted the services provided by Plaintiff.

87.     Defendant was reasonably on notice that Plaintiff expected to be paid for the services he provided to Defendant including but not limited to the $10,000 bonus.


### *Intentional Infliction of Emotional Distress*

88.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

89.     Defendants acted intentionally and recklessly by calling Plaintiff a thief with absolutely no significant evidence to justify such a statement.

90.     Defendants ordered Plaintiff to bring two stoves from the basement to be loaded on the truck of another one of Defendants' employees.

91.     Plaintiff complied as instructed.

92.     Defendants then turned around and accused Plaintiff of being a thief.

93.     Defendants then ordered Plaintiff to take off his jacket and T-shirt with their logos and leave the building.

94.     Plaintiff was forced to remove his shirt and jacket in front of fellow employees and residents the apartment leasing office and walk out of the building with completely no clothes on his chest.

95.     Plaintiff was shamed and humiliated and accused of being a thief.

96.     To date, Defendants have consistently claimed they have a video which shows Plaintiff stealing two (2) stoves, but have consistently refused to provide such video.

97.     His termination and his label as a thief throughout the DFW apartment community has caused plaintiff significant/severe emotional distress.

### VII.    PRESERVING EVIDENCE

98.     Plaintiff requests and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, claim files, policy files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## IX.     DAMAGES

99.     Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs.

100.    The above described acts, omissions, failures and conduct of Defendant have caused Plaintiff damages which include, without limitation, the costs associated with actual damages, presumed damages, punitive damages, and consequential damages from Defendants' actions.

## X.     EXEMPLARY DAMAGES

101.    Defendants' statements about Plaintiff were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

102.    These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is

sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future

## XI.     ATTORNEYS' FEES AND COSTS

103.    Plaintiff integrates all preceding paragraphs as if fully set forth herein and further incorporate by reference herein all preceding paragraphs hereto.

104.    Plaintiff seeks recovery of their reasonable and necessary attorneys' fees, costs and expenses through trial and all appeals under applicable Texas law.

105.    Plaintiff has been required to obtain legal counsel as a result of Defendants' intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting their claims. Plaintiff is therefore entitled to recover their reasonable and necessary attorney's fees.

## XII.     JURY DEMAND

106.    Plaintiff adopts the preceding paragraphs as if fully set forth herein.

107.    Plaintiff requests that a jury be convened to try the factual issues in this action.

## XIII.    REQUEST FOR DISCLOSURE

108.         Plaintiff hereby request that each party disclose within fifty (50) days of the service of this request, the information and material subject to disclosure subject to disclosure pursuant to Rules 190.2(b)(6) and 194.2.

109.    This request does not extend nor in any way alter the time for the filing an answer by any Defendant; Plaintiff reserves the right to move for a default judgment against any Defendant that fails to timely answer or appear.

## XIV.    NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

110.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each party is hereby given notice of Plaintiff's intent to use any and all documents produced by any and all parties at any pretrial hearing, depositions, proceedings, through discovery, the trial of this matter, or any combination. See Tex. R. Civ. P. 193.7.

## XV.    NOTICE OF DUTY TO SUPPLEMENT AND AMEND DISCOVERY RESPONSE

111.    Pursuant to Rules 193.5 and 195.6 of the Texas Rules of Civil Procedure, each party is hereby requested to take notice of his, her, or its duty to amend or supplement incomplete or incorrect responses to written discovery reasonably promptly after the necessity for such a response is discovered. See Tex. R. Civ. P. 193.5(a), (b); see also Tex. R. Civ. P. 195.6.

## XVI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, and all punitive, additional, and exemplary damages as may be found.

In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

DATED:        July 27, 2020                        Respectfully submitted,

**The Bhatti Law Firm, PLLC**

Plaintiff's First Amended Petition                                                     Page  13

/s/ Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF**
**FELIX CUADRADO**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties by electronic mail and/or facsimile on July 27, 2020:

Kristin L. Bauer and Julie A. Farmer
Jackson Lewis, P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Fax:  (214) 520-2008
bauerk@jacksonlewis.com
farmer@jacksonlewis.com

Alan J. Harlan
Coats Rose, P.C.
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Fax: (972) 702-0662
aharlan@coatsrose.com

_____
Vincent J. Bhatti

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ditty Bhatti on behalf of Vincent Bhatti
Bar No. 24055169
ditty.bhatti@bhattilawfirm.com
Envelope ID: 44846711
Status as of 07/27/2020 12:30:27 PM -05:00

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 7/27/2020 12:20:18 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 7/27/2020 12:20:18 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/27/2020 12:20:18 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/27/2020 12:20:18 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/27/2020 12:20:18 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/27/2020 12:20:18 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 7/27/2020 12:20:18 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 7/27/2020 12:20:18 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 7/27/2020 12:20:18 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 7/27/2020 12:20:18 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 7/27/2020 12:20:18 PM | SENT |

FILED
7/27/2020 4:26 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:20-cv-03492-M   Document 1-1   Filed 11/25/20   Page 85 of 189   PageID 89

CASE NO. DC-20-03308

| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES Plaintiff, Felix Cuadrado, and files his Original Petition. Plaintiff respectfully shows the Court as follows:

### I.   RULE 190 DISCOVERY CONTROL PLAN

1.   Plaintiff intends that discovery will be conducted in accordance with a Level 3 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

2.   Defendant seeks monetary relief between $200,000 and $1,000,000. The damages sought are within the jurisdictional limits of the Court.

### II.   PARTIES

3.   The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

4.   Plaintiff, Felix V. Cuadrado is an individual resident of Dallas County, Texas.

5.   Defendant, View at Kessler Park (hereinafter referred to as "Kessler") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its property location at 2511 Wedglea Dr., Dallas, TX 75211 or wherever it may be found.

Plaintiff's First Amended Petition

**EXHIBIT A-22**

Page 1

6.      Defendant, TI Communities (hereinafter referred to as "TIC") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its corporate headquarters located at 1125 Executive Circle, Suite 100, Irving, TX 75038.

### III.    JURISDICTION

7.      The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

8.      This Court has jurisdiction over this cause of action because it involves an amount in controversy within the original jurisdiction of the Court, transacts business in the State of Texas.  This State has personal jurisdiction over this Defendant because it has purposefully availed itself of the privilege of conducting activities in the State of Texas, specifically Dallas County.  The cause of actions complained of and the events that transpired took place in Dallas County and, thereby, confers specific jurisdiction with respect to said Defendant. Furthermore, Defendants have engaged in activities constituting business in the State of Texas, specifically Dallas County.

9.      Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas and pursuant to Tex. Civ. Prac. and Rem. Code § 15.002, because Defendants operate in Dallas County and maintain offices in Dallas County.

10.     All conditions precedent to recovery have been performed, waived, or have occurred.

## IV.     FACTUAL BACKGROUND

11.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

12.     On or about February 26, 2018, Mr. Felix V. Cuadrado ("Cuadrado") was hired by Defendants as a Technician Director in Maintenance for service at an apartment building named View at Kessler Park ("View").

13.     Shortly after Mr. Cuadrado's arrival, the building manager at the View left his/her position and was replaced by an interim manager named Jessica.

14.     Jessica informed Mr. Cuadrado that her boyfriend had a company that would bring maintenance personnel to the View and expressed an intention to terminate Mr. Cuadrado's crew.

15.     Mr. Cuadrado advocated for his team to continue retaining their positions.

16.     Jessica began retaliating against Mr. Cuadrado systematically by harassing him verbally, through job assignments and micromanaging every aspect of his job.

17.     About one week prior to his termination, Mr. Cuadrado called Christine and Kathleen Ball at the corporate TI Communities office to report Jessica's harassing behavior.

18.     Both Kathleen and Christine stated they would speak with Jessica about the matter.

19.     Shortly thereafter, Jessica was removed as interim manager at the View to continuing her work as manager of another TI Community property called the Carlton.

20.     Nevertheless, on or about March 1, 2019, Jessica sent her lead maintenance person, Brian, with a pick-up truck to pick up a couple stoves at the View to be transferred to the Carlton.

21.     Typically, a person would pick-up the items in the back of the property to avoid disruption for residents, staff and potential residents in the front.  Nevertheless, Brian insisted he pick-up the stoves in the front of the property and demanded that Mr. Cuadrado bring the stoves to the front.

22.     Mr. Cuadrado brought the stoves to the front, as instructed, and helped Brian load them into his truck.

23.     Later that day, Mr. Cuadrado was called into the front office and told by Christine that he had stolen two stoves from the property.  Mr. Cuadrado explained that he brought the stoves to the front and loaded them into Brian's truck, as instructed.

24.     TI Management ignored Mr. Cuadrado's explanation and insisted that they had him on a video stealing the stoves.

25.     Mr. Cuadrado was then terminated from his position.

26.     TI Management insisted that Mr. Cuadrado take off his company T-Shirt and coat.

27.     Mr. Cuadrado complied and was shamefully escorted off the property, without a shirt, through the lobby of the property in front of residents and employees.

28.     On all knowledge and belief, Defendants did not call the police, initiate a criminal investigation or otherwise investigate the matter themselves before terminating Mr. Cuadrado.

29.     Defendants called Mr. Cuadrado a thief and published that facts to residents and employees and Plaintiff's prospective employers.

30.     Plaintiff applied for several positions after leaving Defendant.  He was initially offered the jobs contingent upon a reference check.  In each case, Plaintiff was not offered the job after the prospective employer contacted Defendants.

31.     Based on all information and knowledge, Defendants published the false accusation that Plaintiff was a thief to Plaintiff's prospective employers which prevented him from securing similar jobs.

32.     Approximately six (6) months after starting his employment with Defendants, Plaintiff was promised an unconditional bonus of approximately $10,000.00 upon sale of the building as an incentive to go above and beyond in making improvements and maintaining the building to prepare it for sale.

33.     Plaintiff made extraordinary efforts to help Defendants accomplish this goal.

34.     After six (6) months of working, Plaintiff was told by Defendants that he would receive a $10,000.00 bonus upon sale of the building.

35.     The only condition for Plaintiff to receive the bonus was that the building must sell.

36.     The building did sell shortly after Plaintiff was wrongfully terminated.

37.     Upon all knowledge and belief, this bonus was offered to incentivize Plaintiff to go above and beyond in preparing the building for sale and for him to continue working at the job.

38.     Plaintiff did both.

39.     The building required over a million dollars worth of repair to make sure the elevators were safe and up to date.

40.     Plaintiff learned the procedures from the elevator contractor and saved Defendants thousands of dollars by knowing how to make the repair himself.

41.     Defendants needed to repair the entire roof of the building for millions of dollars because the roof would flood during each rainstorm.

42.    Plaintiff solved this problem by purchasing water pumps that turned on during the rainstorms and pumped the water off the building's roof.  This saved Defendants millions of dollars.

43.    Plaintiff hung signage on the building using makeshift ladders and procedures putting his own life at risk to save Defendant's thousands of dollars.

44.    Plaintiff wired and provided lighting in the parking lot without needed another contractor saving Defendants thousands of dollars.

45.    Plaintiff found that the previous HVAC person had mixed two different types of Freon in several A/C units to save money.  The proposed fix was to completely replace the HVAC units.  Plaintiff modified the HVAC units which saved the Defendants hundreds of thousands of dollars in replacement costs for HVAC units.

46.    After he accomplished this goal, Defendants then concocted a false scenario to justify Plaintiff's summary termination and failed to pay him the promised bonus upon sale of the building which occurred shortly after Plaintiff's termination.

47.    Mr. Cuadrado believes that he was set up for termination intentionally.

48.    Plaintiff has been damaged as a direct result of Defendant's acts/omissions.

## V.    CAUSES OF ACTION

### *Defamation Per Se*

49.    The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

50.    Defendants called Mr. Cuadrado a thief and used this as a basis for his termination.

51.     Defendants were informed by Mr. Cuadrado that he was not a thief and that he provided the stoves to another employee named Brian who worked at the Carlton, another TI Communities property, as instructed by his superiors.

52.     Nevertheless, Defendants continued to call Mr. Cuadrado a thief and published the same to residents, employees and prospective employers.

53.     Defendants' statements are assumed to be defamatory because calling Mr. Cuadrado a thief labels him as someone who committed a crime of moral turpitude.

54.     Defendants' statements are so obviously harmful that no proof of injurious effect is necessary.

55.     Defendants' actions and statements were intentional and/or negligent.

56.     Defendants knew or should have known that Mr. Cuadrado did not steal the stoves.

### _Tortious Interference With Prospective Business Relationship_

57.     The foregoing paragraph is incorporated as if fully set forth herein.

58.     Plaintiff applied and interviewed for several jobs after he was terminated from Defendants.

59.     On at least three (3) occasions, Plaintiff was offered the job contingent upon a reference check.

60.     After the prospective employers contacted Defendants, Plaintiff's job offer was withdrawn because they were told that Mr. Cuadrado was terminated for being a thief which was a knowingly false statement.

61.     Plaintiff has been unable to secure a position similar to his previous position with Defendant and has been forced to take on a lesser position with lesser pay to provide for his family.

62.     Plaintiff had a reasonable probability to enter into an employment relationship with each of the prospective employers.

63.     Defendants clearly knew that Plaintiff was not a thief as they themselves ordered him to load up the stoves on the truck of another one of Defendants employees.

64.     By communicating that Plaintiff was a thief to Defendant's prospective employers, they had a conscious desire or were substantially conscious or certain that Defendant would not obtain the position with a prospective employer by communicating he was a thief.

65.     The Defendants actions were independently tortious because they were defamatory and more specifically constituted defamation per se.

66.     Defendants' interference caused Plaintiff not to obtain the jobs with prospective employers.

67.     Plaintiff has not been able to secure a similar level job to the one he held with Defendants after leaving and therefore has suffered damages proximately caused by Defendants' actions.

### *Negligent/Intentional Misrepresentation*

68.     Plaintiff incorporates all paragraphs above as if stated herein.

69.     Plaintiff relied upon Defendants representation that he would obtain a $10,000 bonus in making his decision to take these actions and continue his employment with Defendants.

70.     Defendants either knew or should have known at the time of making the representation that they would not pay the bonus to Plaintiff.

71.     Defendants failed to pay the $10,000.00 bonus upon sale of the building.

72.     Plaintiff suffered injury by relying on Defendants' misrepresentations.

### *Breach of Contract*

73.     Plaintiff incorporates all previous paragraphs as if fully state herein.

74.     Defendants offered to pay Plaintiff a $10,000 bonus upon sale of the building in exchange for Plaintiff staying at the job and helping to get the building ready for sale.

75.     Plaintiff accepted the offer.

76.     Defendants sold the building.

77.     Defendants breached the agreement by failing to pay the $10,000 bonus as agreed.

78.     Plaintiff suffered damages as a result of the breach.

### *Promissory Estoppel (in the alternative to breach of contract)*

79.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

80.     Defendants promised a $10,000 bonus to Plaintiff upon sale of the building.

81.     Plaintiff relied on this promise by continuing his employment with Defendants and going above-beyond to help the building be prepared for sale.

82.     Defendants failed to pay the $10,000 bonus as promised.

83.     Plaintiff suffered damage as a result.

### *Quantum Meruit*

84.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

85.     Plaintiff provided valuable services and used his own personal tools and equipment in providing services to Defendants to prepare the building for sale.

86.     Defendants gladly accepted the services provided by Plaintiff.

87.     Defendant was reasonably on notice that Plaintiff expected to be paid for the services he provided to Defendant including but not limited to the $10,000 bonus.

### *Intentional Infliction of Emotional Distress*

88.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

89.     Defendants acted intentionally and recklessly by calling Plaintiff a thief with absolutely no significant evidence to justify such a statement.

90.     Defendants ordered Plaintiff to bring two stoves from the basement to be loaded on the truck of another one of Defendants' employees.

91.     Plaintiff complied as instructed.

92.     Defendants then turned around and accused Plaintiff of being a thief.

93.     Defendants then ordered Plaintiff to take off his jacket and T-shirt with their logos and leave the building.

94.     Plaintiff was forced to remove his shirt and jacket in front of fellow employees and residents the apartment leasing office and walk out of the building with completely no clothes on his chest.

95.     Plaintiff was shamed and humiliated and accused of being a thief.

96.     To date, Defendants have consistently claimed they have a video which shows Plaintiff stealing two (2) stoves, but have consistently refused to provide such video.

97.     His termination and his label as a thief throughout the DFW apartment community has caused plaintiff significant/severe emotional distress.

### VII.     PRESERVING EVIDENCE

98. Plaintiff requests and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, claim files, policy files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## IX.     DAMAGES

99. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs.

100. The above described acts, omissions, failures and conduct of Defendant have caused Plaintiff damages which include, without limitation, the costs associated with actual damages, presumed damages, punitive damages, and consequential damages from Defendants' actions.

## X.     EXEMPLARY DAMAGES

101. Defendants' statements about Plaintiff were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

102. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is

Plaintiff's First Amended Petition                                         Page  11

sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future

## XI.     ATTORNEYS' FEES AND COSTS

103.     Plaintiff integrates all preceding paragraphs as if fully set forth herein and further incorporate by reference herein all preceding paragraphs hereto.

104.     Plaintiff seeks recovery of their reasonable and necessary attorneys' fees, costs and expenses through trial and all appeals under applicable Texas law.

105.     Plaintiff has been required to obtain legal counsel as a result of Defendants' intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting their claims. Plaintiff is therefore entitled to recover their reasonable and necessary attorney's fees.

## XII.     JURY DEMAND

106.     Plaintiff adopts the preceding paragraphs as if fully set forth herein.

107.     Plaintiff requests that a jury be convened to try the factual issues in this action.

## XIII.    REQUEST FOR DISCLOSURE

108.     Plaintiff hereby request that each party disclose within fifty (50) days of the service of this request, the information and material subject to disclosure subject to disclosure pursuant to Rules 190.2(b)(6) and 194.2.

109.     This request does not extend nor in any way alter the time for the filing an answer by any Defendant; Plaintiff reserves the right to move for a default judgment against any Defendant that fails to timely answer or appear.

## XIV.    NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

110.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each party is hereby given notice of Plaintiff's intent to use any and all documents produced by any and all parties at any pretrial hearing, depositions, proceedings, through discovery, the trial of this matter, or any combination. See Tex. R. Civ. P. 193.7.

## XV.    NOTICE OF DUTY TO SUPPLEMENT AND AMEND DISCOVERY RESPONSE

111.    Pursuant to Rules 193.5 and 195.6 of the Texas Rules of Civil Procedure, each party is hereby requested to take notice of his, her, or its duty to amend or supplement incomplete or incorrect responses to written discovery reasonably promptly after the necessity for such a response is discovered. See Tex. R. Civ. P. 193.5(a), (b); see also Tex. R. Civ. P. 195.6.

## XVI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, and all punitive, additional, and exemplary damages as may be found.

In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

DATED:       July 27, 2020                         Respectfully submitted,

**The Bhatti Law Firm, PLLC**

/s/ Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF
FELIX CUADRADO**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties by electronic mail and/or facsimile on July 27, 2020:

Kristin L. Bauer and Julie A. Farmer
Jackson Lewis, P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Fax:  (214) 520-2008
bauerk@jacksonlewis.com
farmer@jacksonlewis.com

Alan J. Harlan
Coats Rose, P.C.
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Fax: (972) 702-0662
aharlan@coatsrose.com


_____
Vincent J. Bhatti

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ditty Bhatti on behalf of Vincent Bhatti
Bar No. 24055169
ditty.bhatti@bhattilawfirm.com
Envelope ID: 44863270
Status as of 07/28/2020 09:22:02 AM -05:00

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 7/27/2020 4:26:26 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 7/27/2020 4:26:09 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/27/2020 4:26:09 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/27/2020 4:26:09 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/27/2020 4:26:09 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/27/2020 4:26:09 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 7/27/2020 4:26:09 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 7/27/2020 4:26:09 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 7/27/2020 4:26:09 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 7/27/2020 4:26:09 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 7/27/2020 4:26:09 PM | SENT |

FILED
7/31/2020 12:04 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134th JUDICIAL DISTRICT** |

## CERTIFICATE OF WRITTEN DISCOVERY

Westmount at Kessler Park L.P. ("WKPLP") files this Certificate of Written Discovery directed to Co-Defendant, TI Communities, in this cause, pursuant to the applicable local rule and states that the discovery set forth below was served on all parties on the 31st day of July, 2020:

1. Defendant Westmount at Keller Park, L.P.'s First Set of Interrogatories and Request for Production to Co-Defendant TI Communities.

Respectfully submitted,

COATS  |  ROSE, P.C.

By:     */s/ Alan J. Harlan*
Alan J. Harlan
State Bar No. 09010200

ATTORNEYS FOR DEFENDANT
WESTMOUNT AT KESSLER PARK, L.P.



**EXHIBIT**
**A-23**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 31st day of July, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Dilsy S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 251-2513
Facsimile: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: dilsy.bhatti@bhattilawfirm.com


Jackson Lewis P.C.
Kristin L. Bauer
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24089734
500 N. Akard Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008
Email: bauerk@jacksonlewis.com
Email: farmerj@jacksonlewis.com


*/s/ Alan J. Harlan*
Alan J. Harlan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 44999465
Status as of 07/31/2020 12:19:04 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 7/31/2020 12:04:24 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 7/31/2020 12:04:24 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 7/31/2020 12:04:24 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 7/31/2020 12:04:24 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 7/31/2020 12:04:24 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/31/2020 12:04:24 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/31/2020 12:04:24 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 7/31/2020 12:04:24 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 7/31/2020 12:04:24 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/31/2020 12:04:24 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/31/2020 12:04:24 PM | SENT |

FILED
7/31/2020 11:48 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## CERTIFICATE OF WRITTEN DISCOVERY

Westmount at Kessler Park L.P. ("WKPLP") files this Certificate of Written Discovery directed to Plaintiff, Felix V. Cuadrado, in this cause, pursuant to the applicable local rule and states that the discovery set forth below was served on all parties on the 31st day of July, 2020:

1. Defendant Westmount at Keller Park, L.P.'s First Set of Interrogatories and Request for Production to Plaintiff.

Respectfully submitted,

COATS  |  ROSE, P.C.

By:      */s/ Alan J. Harlan*
Alan J. Harlan
State Bar No. 09010200

ATTORNEYS FOR DEFENDANT
WESTMOUNT AT KESSLER PARK, L.P.

EXHIBIT
A-24

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of July, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bham Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055160
Ditty S. Bhatti
State Bar No. 24063803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0035
Email: vincent.bhatti@bhamlawfirm.com
Email: ditty.bhatti@bhamlawfirm.com

Jackson Lewis P.C.
Kristin L. Bauer
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24050714
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008
Email: bauerk@jacksonlewis.com
Email: farmerj@jacksonlewis.com

*/s/ Alan J. Harlan*
Alan J. Harlan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 44998506
Status as of 07/31/2020 12:21:09 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 7/31/2020 11:48:02 AM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 7/31/2020 11:48:02 AM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 7/31/2020 11:48:02 AM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 7/31/2020 11:48:02 AM | SENT |
| Francine Ly | | fly@dallascourts.org | 7/31/2020 11:48:02 AM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/31/2020 11:48:02 AM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/31/2020 11:48:02 AM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 7/31/2020 11:48:02 AM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 7/31/2020 11:48:02 AM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 7/31/2020 11:48:02 AM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 7/31/2020 11:48:02 AM | SENT |

FILED
9/16/2020 4:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## DEFENDANT WESTMOUNT AT KESSLER PARK, LP (VIEW AT KESSLER PARK)'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Westmount at Kessler Park, LP, d/b/a View at Kessler Park, one of the Defendants herein, and moves this Court for entry of a "no evidence" summary judgment in its favor, and for cause would state the following:

### I.

Pursuant to the provisions of Rule 166a(i), Texas Rules of Civil Procedure, "[A]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more elements of a claim or defense on which an adverse party would have the burden of proof at trial". While, in the case at bar, Plaintiff Felix V. Cuadrado has had nearly seven (7) months to conduct discovery, he has totally failed to establish the existence of any viable claim or cause of action against *this Defendant*. More specifically, Movant would point out that, at Paragraphs 12-48 of his First Amended Petition, Plaintiff has actually substantiated *only* that he was employed by Co-Defendant

EXHIBIT
A-25

TI Communities (sometimes referred to as "TI Management"), certain employees of which allegedly *defamed* Mr. Cuadrado and/or wrongfully terminated his employment.   These facts are borne out by Plaintiff's Objections and Responses to Defendant Westmount at Kessler Park, LP's First Set of Interrogatories and Request for Production to Plaintiff, a true and correct copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes. More specifically:

(1)     In response to Movant's Interrogatory No. 1, Plaintiff answered that "Kathy, (a director level employee at TI Communities) saw Plaintiff working at 800 Link in 2018 and she offered Plaintiff a job".

(2)     In response to Movant's Interrogatory No. 3, Plaintiff admits that he has never even discussed his employment "with any person purportedly employed by or associated with the owner of the property known as View at Kessler Park".

(3)     In answer to Movant's Interrogatory Nos. 5, 7 and 9, Plaintiff admits that he dealt only with employees and/or representatives of TI Communities in connection with his employment at View at Kessler Park.

(4)     In response to Movant's Request for Production of Documents, Plaintiff produced a written (and signed) employment agreement clearly entered into by and between Mr. Cuadrado and *TI Communities HR, LP and its affiliate TI Communities*.   (See Cuadrado 000009, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.)

(5)     In further response to Movant's Request for Production of Documents, Plaintiff produced 2018 and 2019 IRS Form W-2s, which list his employer as *Coadvantage Resources 24, Inc.* and the control number as *TI Communities HR, LP*. (See Cuadrado 000001-000004, true and

correct copies of which are together attached hereto as Exhibit "C" and incorporated herein by reference.)

None of Plaintiff's Interrogatory Answers nor any of the documents produced by Plaintiff even suggest that Plaintiff Felix V. Cuadrado was employed by any party other than Co-Defendant TI Communities.

## II.

On or about June 18, 2020, Movant filed its Original Answer, which Answer incorporates *a verified denial* pointing out that there is a defect in the parties defendant in the case at bar, that Westmount at Kessler Park, LP at no time employed Plaintiff, in any capacity, either directly or through an agent, nor did Movant own the View at Kessler Park property during the timeframe in which Plaintiff claims to have been damaged.   Plaintiff's subsequently filing of his First Amended Petition, on or about June 27, 2020, did not address, in any manner, any of the allegations set forth in Movant's Verified Denial.   A true and correct copy of Movant's Original Answer is attached hereto as Exhibit "D" and incorporated herein by reference for all purposes. Despite the filing of Movant's *Verified Denial*, Plaintiff has neither conducted any discovery to ascertain the validity of its allegations against this Defendant, or amended his pleadings to remove Westmount at Kessler Park, LP and its property in the case at bar.

## III.

In light of the clear and obvious absence of *any evidence,* whatsoever, to support any claim or cause of action by Plaintiff against either Westmount at Kessler Park, LP or the *real property* known as View at Kessler Park, this Defendant seeks entry of a summary judgment in its favor and, in addition, would ask that this Court award Movant its reasonable and necessary attorney's

fees and costs incurred in its defense of this lawsuit as an appropriate sanction for Plaintiff' clear violation of Rule 13, Texas Rules of Civil Procedure.

**WHEREFORE**, Defendant Westmount at Kessler Park, LP d/b/a View at Kessler Park, prays that, upon notice and hearing, this Court grant its "No Evidence" Motion for Summary Judgment, enter a take nothing summary judgment in its favor and award Movant its reasonable and necessary attorneys' fees and costs incurred in its defense of this action, based upon Plaintiff's filing and prosecution of a groundless and frivolous lawsuit against it, along with such other and further relief, either at law or in equity it which Movant may show itself to be justly entitled.

Respectfully submitted,

COATS  |  ROSE, P.C.

By:    _/s/ Alan J. Harlan_
Alan J. Harlan
State Bar No. 09010200

600 Signature Place
14755 Preston Road
Dallas, Texas   75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy
aharlan@coatsrose.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of September, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:   (214) 253-2533
Facsimile: (214) 279-0033
Email:   vincent.bhatti@bhattilawfirm.com
Email:   ditty.bhatti@bhattilawfirm.com

*/s/ Alan J. Harlan*
Alan J. Harlan

CASE NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK AND** | § | |
| **TI COMMUNITIES** | § | **134th JUDICIAL DISTRICT** |
| *Defendants.* | § | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT WESTMOUNT AT KESSLER PARK, L.P.'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

TO:    Defendant, View at Kessler Park, by and through its counsels of record, Felix V. Cuadrado, Coats Rose, P.C., 600 Signature Place, 14755 Preston Road, Dallas, TX 75254.

Plaintiff hereby serves his objections and responses to Defendant's First Set of Interrogatories to Plaintiff and Production Requests.

Respectfully submitted,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, Texas 75254
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT "A"**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Federal Rules of Civil Procedure on September 14, 2020.

Alan J.Harlan
Coats Rose, P.C.
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Facsimile: (972) 702-0662
aharlan@coatsrose.com

/s/ *Vincent J. Bhatti*
Vincent J. Bhatti

**EXHIBIT "A"**

## INTERROGATORIES & REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1.**     In Paragraph 12 of his First Amended Petition, Plaintiff states that he was "hired by Defendants" on or about February 26, 2018.  In connection therewith:

    (1) How did Plaintiff learn of the position he claims to have been hired for at the View at Kessler Park property?

    (2) With whom did Plaintiff interview for the maintenance position referenced above?

    (3) Identify the specific person(s) who hired Plaintiff no or about February 26, 2018.

    (4) At the time he was hired for the position referenced at Paragraph 12 of his First Amended Petition, did Plaintiff execute a written contract of employment?

**ANSWER**:

    Kathy (a director level employee at TI Communities) saw Plaintiff working at 800 Link in 2018 and she offered Plaintiff a job.  Shae, the former manager of View at Kessler Park interviewed Plaintiff.  Plaintiff did not have a written contract for employment to his knowledge.

**REQUEST FOR PRODUCTION NO. 1.** Please     produce     all     documents, correspondence, memoranda, communication and/or notes, whether written or electronic, which substantiate or support Plaintiff's claim that he was hired as "Technician Director in Maintenance for service at an apartment building named View of Kessler Park" on or about February 26, 2018.

    **ANSWER**:  Plaintiff objects to this request as vague as almost any document related to View at Kessler Park or TI Communities is evidence of hiring by Kessler Park given

**EXHIBIT "A"**

Kessler Park was owned by TI Communities.  Notwithstanding such objection, Plaintiff responds with documents.

**REQUEST FOR PRODUCTION NO. 2.**  Please produce all written correspondence, communications, memoranda and/or notes, whether written or electronic, exchanged between or among Plaintiff and the person(s) or entities who hired him and which pertain to Plaintiff's duties and responsibilities in connection with the View at Kessler Park property.

> **ANSWER:**  Plaintiff objects to this request as vague because at the time Plaintiff worked at View at Kessler Park it was owned by TI Communities.  As such, all documents indicating hiring by TI Communities serves as evidence for employment at View at Kessler Park. Notwithstanding such objections, Plaintiff produces documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**  Please produce all documentation referencing payments made to Plaintiff by those persons and/or entities who purportedly hired him to serve as "Technician Director in Maintenance for Service in an apartment building named View at Kessler Park."  Such documentation shall necessarily include any and all Form W-2s, Form-1099s, and all cancelled checks and/or wire transfer confirmations evidencing salary, wages or other compensation paid to Plaintiff by Defendants.

> **ANSWER:**  Plaintiff objects to this request as vague because at the time Plaintiff worked at View at Kessler Park it was owned by TI Communities.  As such, all documents indicating hiring by TI Communities serves as evidence for employment at View at Kessler Park. Notwithstanding such objections, Plaintiff produces documents responsive to this request.

**EXHIBIT "A"**

**INTERROGATORY NO. 2:**    Please identify, by name and address, all persons at Defendant TI Communities with whom Plaintiff discussed any aspect of his employment as "Technician Director in Maintenance for Service of an apartment building named View at Kessler Park".

**ANSWER**: None

**INTERROGATORY NO. 3.**    Other than employees or representatives of Defendant TI Communities, did Plaintiff or any legal or other representative acting on his behalf, discuss his employment with any person purportedly employed by or associated with the owner of the property known as View at Kessler Park.

**ANSWER**: No.

**REQUEST FOR PRODUCTION NO. 4**   If the answer to Interrogatory 3, above, is in the affirmative, please list all such persons by name and address.

**ANSWER**: N/A

**INTERROGATORY NO. 4.**    Has Plaintiff ever entered into any contract of employment, either oral or in writing, with Westmount at Kessler Park, L.P.?

**ANSWER**:  No, Plaintiff was hired by TI Communities and View at Kessler Park at the time the latter was owned by the former.

**REQUEST FOR PRODUCTION NO. 5**:  If the answer to Interrogatory No. 4, above, is in the affirmative, please produce copies of all documents, correspondence, memoranda and/or notes, whether written or electronic, which identify, outline or support Plaintiff's claim that he was employed by Westmount at Kessler Park, L.P.

**EXHIBIT "A"**

**ANSWER**: N/A

**INTERROGATORY NO. 5.**      Who or what entity owned the View at Kessler Park property during the timeframe in which Plaintiff claims to have incurred or sustained the injuries and/or damages referenced in Plaintiff's First Amended Petition?

**ANSWER**: TI Communities

**INTERROGATORY NO. 6.**      By whom has Plaintiff been employed since his alleged termination by Defendant(s) as "Technician Director in Maintenance for service at an apartment building named View at Kessler Park", on or about March 1, 2019?

**ANSWER**: S2 Capital, Inc.

**INTERROGATORY NO. 7.**      At Paragraph 26 of his First Amended Petition, Plaintiff alleges that he was required to "take off his company t-shirt and coat" by TI Communities on or about March 1, 2019.  What logo or written information was printed or embroidered on said t-shirt and coat which identify said garments as a "company" t-shirt and coat?

**ANSWER**: TI Communities

**INTERROGATORY NO. 8.**      At Paragraph 15 of his First Amended Petition, Plaintiff references a "team" he presumably worked with or supervised at View at Kessler Park. Please identify, by name and address, all members of said team.

**ANSWER**: Fernando – Make Ready, Sergio – Assistant Manager of Maintenance, Maria – Housekeeper, Martha – Housekeeper.

**INTERROGATORY NO. 9.**      Please identify, by name, position and address, the person or persons who "promised an unconditional bonus of approximately $10,000 upon sale of the building", as referenced in Paragraphs 32-35 of Plaintiff's First Amended Petition.

**EXHIBIT "A"**

**ANSWER**:  Kathleen Ball at TI Communities/View at Kessler Park

**EXHIBIT "A"**

## VERIFICATION

STATE OF TEXAS )
)
COUNTY OF DALLAS )

"My name is Felix V. Cuadrado, my date of birth is January 7, 1962, and my address is 312 Aquarius Drive, Cedar Hill, TX 75104, Dallas County, USA.  I declare under penalty of perjury that the foregoing document titled Plaintiff's Objections and Responses to Defendant Westmount at Kessler Park, L.P.'s First Set of Interrogatories is true and correct.

Executed in Dallas County, State of Texas on the _/6_ day of September, 2020.

_____
FELIX V. CUADRADO, Declarant"

**EXHIBIT "A"**



**TI COMMUNITIES**
PROPERTY MANAGEMENT WITH A PURPOSE

2/15/2018

Felix Cuadrado
VIA EMAIL (mlriamr2010@live.com)

Dear Felix:

I am pleased to offer you the position of Service Technician for The View at Kessler Park located in Dallas, TX. Your anticipated start date is 2/26/2018. This position is full-time, non-exempt. If you accept the position, you will report to the Service Director.

In exchange for your dedicated efforts to TI Communities HR, L.P. and its affiliate, TI Communities (collectively, "TI"), you will be paid an hourly rate of $15.00 per hour, less all applicable withholdings and deductions. This offer is contingent upon your successful completion of the post-offer screening for illegal drugs and satisfactory completion of all other facets of pre-employment processes, including background and reference checks. You will also be asked to execute additional documents relating to your employment, including an acknowledgement you are subject to TI's employment policies as then in existence. Please note, this offer is valid for 72 hours from the date received.

While employed by TI, you will be eligible to participate in employee benefit programs established by TI from time to time for similarly situated employees, subject to the terms and conditions of such programs. TI will offer employees and their eligible dependents a variety of group health insurance benefits, the premium costs of which will be shared by employees and TI. You will also be eligible to participate in TI's life insurance, disability insurance and other group benefit plans. Please keep in mind, in all cases, you will be eligible to receive benefits from a plan only for so long as you continue to be employed as an eligible employee under the plan. TI may alter or discontinue any benefits at any time at its sole discretion.

Your employment with TI is "at will," meaning you may terminate your employment at any time, and TI may do the same. If you wish to terminate your employment, however, we request you provide TIC with at least three weeks' advance notice.

Please indicate your acceptance of this offer by signing in the space provided below and returning this letter, along with a signed copy of the background check authorization form, to me. Should you have any questions, please contact us. We look forward to welcoming you to the team.

Sincerely,

Carrie Polonsky
VP, Talent Services, TI Communities

I have read and understood this offer letter and accept employment with TI upon the terms set forth herein.

Felix Cuadrado                    Date  2-15-2018

1125 Executive Circle, STE 100  |  Irving, TX 75038  |  (469) 518-1220

**EXHIBIT "B"**                    Cuadrado 000009

COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

MDG2019 0040488 1 AB 0408 01 2 6

FELIX CUADRADO
312 AQUARIUS DR
CEDAR HILL, TX 75104-3238

This information is being furnished to the Internal Revenue Service.

Copy B-To Be Filed With Employee's FEDERAL Tax Return — Form W-2

**2018**

| | | |
|---|---|---|
| 1 Wages, tips, other comp. 50773.37 | 2 Federal income tax withheld 2914.66 | |
| b Employer's EIN 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 | 3 Social security wages 50773.37 | 4 Social security tax withheld 3147.95 |
| c Employer ID No. (EIN) 59-2084282 | 5 Medicare wages and tips 50773.37 | 6 Medicare tax withheld 736.21 |

e Employer's name, address, and ZIP code
COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

d Control number

e Employee's first name and initial    Last name
FELIX CUADRADO
312 AQUARIUS DR
CEDAR HILL, TX 75104-3238

f Employee's address and ZIP code

| 7 Social security tips | 8 Allocated tips | 9 Verification code |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a code See inst. for box 12 |
| 13 Statutory employee | Retirement plan | Third-party sick pay | 12b code |
| 14 Other | | 12c code |
| | | 12d code |
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

---

Copy C-For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.) — Form W-2

**2018**

| | | |
|---|---|---|
| 1 Wages, tips, other comp. 50773.37 | 2 Federal income tax withheld 2914.66 | |
| b Employer's EIN 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 | 3 Social security wages 50773.37 | 4 Social security tax withheld 3147.95 |
| c Employer ID No. (EIN) 59-2084282 | 5 Medicare wages and tips 50773.37 | 6 Medicare tax withheld 736.21 |

e Employer's name, address, and ZIP code
COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

d Control number

e Employee's first name and initial    Last name
FELIX CUADRADO
312 AQUARIUS DR
CEDAR HILL, TX 75104-3238

f Employee's address and ZIP code

| 7 Social security tips | 8 Allocated tips | 9 Verification code |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a code See inst. for box 12 |
| 13 Statutory employee | Retirement plan | Third-party sick pay | 12b code |
| 14 Other | | 12c code |
| | | 12d code |
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Department of the Treasury—Internal Revenue Service

Cuadrado 000001

**EXHIBIT "C"**

**EXHIBIT "C"**

[redacted]

## Instructions for Employee (Also see *Notice To Employee* on the back of adjacent Copy 2.)

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 5.** You may be required to report this amount on Form 8959, Additional Medicare Tax. See the Form 1040 instructions to determine if you are required to complete Form 8959.

**Box 6.** [illegible] on all [illegible] Tax on any of those Medicare wages and tips above $200,000.

**Box 8.** This amount is not included in box 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

You must file Form 4137, [illegible] Tip Income, with your income tax return to report at least the allocated tip amount unless you can prove that you received a smaller amount. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. [illegible]

**Box 9.** [illegible] your return. The code is not entered on paper-filed returns.

**Box 10.** This amount includes the total dependent care benefits that your employer paid to you or incurred on your behalf [illegible] any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan, or (b) [illegible] to the deferred amount. [illegible] Administration and give you a copy.

(Continued below on the back of Copy 2.)

## Instructions for Employee (continued from back of adjacent Copy 2)

**Q**-Nontaxable combat pay. See the instructions for Form 1040 for details on reporting this amount.

**R**-[illegible] Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

**S**-Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

**T**-[illegible] Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

**V**-[illegible] (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525, Taxable and Nontaxable Income, for reporting requirements.

**W**-Employer [illegible] the employee [illegible] using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

**Y**-Deferrals under a section 409A nonqualified deferred compensation plan

**Z**-Income under a [illegible] This amount also is included in box 1. [illegible] tax plus interest. See the Form 1040 instructions.

**AA**-Designated Roth contributions under a section 401(k) plan

**BB**-Designated Roth contributions under a section 403(b) plan

**DD**-Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

**EE**-Designated Roth [illegible] This amount does not apply [illegible] 457(b) plan.

**FF**-Permitted benefits under a qualified small employer health reimbursement arrangement

**GG**-Income from qualified equity grants under section 83(i)

**HH**-Aggregate deferrals under section 83(i) elections as of the close of the calendar year

**Box 13.** [illegible] limits may apply to the [illegible] you may deduct. See Pub. 590-A, Contributions to Individual Retirement Arrangements (IRAs).

**Box 14.** [illegible] such as [illegible] insurance [illegible]

**Note:** [illegible]

Cinadrado 000002

COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618



MDG2020 00007461 01

FELIX CUADRADO
PO BOX 1962
CEDAR HILL TX 75106-1962



This information is being furnished to the Internal Revenue Service.
**Copy B — To Be Filed With Employee's FEDERAL Tax Return**

**Form W-2** — Wage and Tax Statement — OMB No. 1545-0008

**2019**

| | | | | |
|---|---|---|---|---|
| | 1 Wages, tips, other comp. | | 2 Federal income tax withheld | |
| | 12509.97 | | 775.05 | |
| a Employee's SSN | 3 Social security wages | | 4 Social security tax withheld | |
| XXX-XX-XXXX | 12509.97 | | 775.56 | |
| b Employer ID No. (EIN) | 5 Medicare wages and tips | | 6 Medicare tax withheld | |
| XX-XXXX962 | 12509.97 | | 181.38 | |

c Employer's name, address and ZIP code
COADVANTAGE RESOURCES 24, INC
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

d Control number
TI COMMUNITIES HR LP

e — f Employee's name, address and ZIP code
FELIX CUADRADO
312 AQUARIUS DRIVE
CEDAR HILL, TX 75104

7 Social security tips   8 Allocated tips

10 Dependent care benefits   11 Nonqualified plans   12a code  See instr. for box 12

13 Statutory employee   Retirement plan   Third-party sick pay   12b code

14 Other   12c code

   12d code

15 State Employer's state ID no.   16 State wages, tips, etc   17 State income tax

18 Local wages, tips, etc   19 Local income tax   20 Locality name

Department of the Treasury — Internal Revenue Service

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

**Copy C — For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy 2.)**

**Form W-2** — Wage and Tax Statement — OMB No. 1545-0008

**2019**

| | | | | |
|---|---|---|---|---|
| | 1 Wages, tips, other comp. | | 2 Federal income tax withheld | |
| | 12509.97 | | 775.05 | |
| a Employee's SSN | 3 Social security wages | | 4 Social security tax withheld | |
| XXX-XX-5035 | 12509.97 | | 775.56 | |
| b Employer ID No. (EIN) | 5 Medicare wages and tips | | 6 Medicare tax withheld | |
| XX-XXXX962 | 12509.97 | | 181.38 | |

c Employer's name, address and ZIP code
COADVANTAGE RESOURCES 24, INC
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

d Control number
TI COMMUNITIES HR LP

e — f Employee's name, address and ZIP code
FELIX CUADRADO
312 AQUARIUS DRIVE
CEDAR HILL, TX 75104

7 Social security tips   8 Allocated tips   9

10 Dependent care benefits   11 Nonqualified plans   12a code  See instr. for box 12

13 Statutory employee   Retirement plan   Third-party sick pay   12b code

14 Other   12c code

   12d code

15 State Employer's state ID no.   16 State wages, tips, etc   17 State income tax

18 Local wages, tips, etc   19 Local income tax   20 Locality name

Department of the Treasury — Internal Revenue Service

**EXHIBIT "C"**



## Instructions for Employee (Also see *Notice to Employees*, on the back of adjacent Copy 2.)

Box 1. Enter this amount on the wages line of your tax return.

Box 2. Enter this amount on the federal income tax withheld line of your tax return.

Box 5. You may be required to report this amount on Form 8828, Additional Medicare Tax. See the Form 1040 instructions to determine if you are required to complete Form 8959.

Box 6. This amount includes the 1.45% Medicare Tax withheld on Medicare wages and tips shown in box 5, as well as the 0.9% Additional Medicare Tax on any of those Medicare wages and tips above $200,000.

Box 8. This amount is not included in box 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

You must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report at least the allocated tip amount unless you can prove that you received a smaller amount. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. On Form 4137, you will calculate the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

Box 10. This amount includes the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and excludable amounts.

Box 11. This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan, or (b) included in box 3 and/or box 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount. This box shouldn't be used if you made a deferral and a distribution in the same calendar year. If you made a deferral and received a distribution in the same calendar year, and you are or will be age 62 by the end of the calendar year, your employer should file Form SSA-131, Employer Report of Special Wage Payments, with the Social Security Administration and give you a copy.

(Continued below on the back of Copy 2.)

## Instructions for Employee (continued from back of adjacent Copy 2)

D—Nontaxable combat pay. See the instructions for Form 1040 for details on reporting this amount.

F—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

G—Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

J—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

K—Income from disqualified nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525, Taxable and Nontaxable Income, for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan.

Z—Income under a nonqualified deferred compensation plan that fails to satisfy section 409A. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. The amount reported with code DD is not taxable.

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

FF—Permitted benefits under a qualified small employer health reimbursement arrangement.

GG—Income from qualified equity grants under section 83(i)

HH—Aggregate deferrals under section 83(i) elections as of the close of the calendar year

Box 13. If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct. See Pub. 590-A, Contributions to Individual Retirement Arrangements (IRAs).

Box 14. Employers may use this box to report information such as state disability insurance taxes withheld, union dues, uniform payments, health insurance premiums deducted, nontaxable income, educational assistance payments, or a member of the clergy's parsonage allowance and utilities. Railroad employers use this box to report railroad retirement (RRTA) compensation, Tier 1 tax, Tier 2 tax, Medicare tax, and Additional Medicare Tax. Include tips reported by the employee to the employer in railroad retirement (RRTA) compensation.

Note: Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

**EXHIBIT "C"**

FILED
9/18/2020 3:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

## NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## <u>ORIGINAL ANSWER OF WESTMOUNT AT KESSLER PARK L.P.</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Westmount at Kessler Park L.P. ("WKPLP"), one of the parties *presumably* named as a party defendant in the above captioned cause, and for its Original Answer to Plaintiff's Original Petition would state the following:

### I.

### <u>Special Exception</u>

While WKPLP has been the record owner of a multi-family project commonly known as "View at Kessler Park" since early August of 2019, it has not registered an assumed name certificate under the name "View at Kessler Park", nor is it aware of any other party, or potential party, which has. As such, WKPLP would assert that it is not a proper party to the case at bar and, thus, files this special exception to the claims and causes of action asserted in Plaintiff's Original Petition.

---

**EXHIBIT "D"**

## II.

### General Denial

Without waiving the above and foregoing special exception, WKPLP denies each and every, all and singularly, the material allegations set forth in Plaintiff's Original Petition, states the same are untrue, in whole or in part, and demands strict proof thereof by a preponderance of the evidence in accordance with its right at law, reserving hereby its right to amend this Answer to incorporate other and/or further defenses, if, when and/or should become necessary.

## III.

### Verified Denial

Once again, without waving the above and foregoing special exception, WKPLP would assert, by way of further answer, that, pursuant to the provisions of Rules 93(2), (4), and (14), Texas Rules of Civil Procedure, there is a defect in the parties defendant in the case at bar, that WKPLP at no time employed Plaintiff, in any capacity, either directly or through an agent, did not own the "View at Kessler Park" property during the timeframe in which Plaintiff claims to have been damaged, and that WKPLP is not liable in the capacity in which it has *presumably* been sued.

WHEREFORE, PREMISES CONSIDERED, Westmount at Kessler Park L.P. prays that Plaintiff take nothing by way of this suit, that it recover its reasonable and necessary attorneys' fees and costs incurred in its defense of same, along with such other and further relief, either at law or in equity it may show itself to be justly entitled.

---

**ORIGINAL ANSWER OF KESSLER PARK L.P.**                                                    Page 2

**EXHIBIT "D"**

Respectfully submitted,

COATS  |  ROSE, P.C.

By:    */s/ Alan J. Harlan*
     Alan J. Harlan
     State Bar No. 09010200

     600 Signature Place
     14755 Preston Road
     Dallas, Texas   75254
     (972) 788-1600 Telephone
     (972) 702-0662 Telecopy
     aharlan@coatsrose.com

     ATTORNEYS FOR DEFENDANT

EXHIBIT "D"

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of June, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:  (214) 253-2533
Facsimile: (214) 279-0033
Email:  vincent.bhatti@bhattilawfirm.com
Email:  ditty.bhatti@bhattilawfirm.com

/s/ Alan J. Harlan
Alan J. Harlan

**EXHIBIT "D"**

## <u>VERIFICATION</u>

STATE OF TEXAS      §
                              §

COUNTY OF DALLAS    §

BEFORE ME, the undersigned authority, on this day personally appeared Clifford A. Booth, known to me to be the person whose name is subscribed below, and, after having been duly sworn, stated under oath as follows:

"My name is Clifford A. Booth. I am over twenty-one years of age and in all respects competent to make this Affidavit. I am Manager of Westmount at Kessler Park G.P., LLP, a Delaware limited liability company, which is the general partner of Westmount at Kessler Park LP, a Delaware limited partnership, owner of that multi-family property commonly known as "View at Kessler Park", a named defendant in this lawsuit. I have reviewed Westmount at Kessler Park LP's Original Answer and the statements contained therein are within my personal knowledge and are true and correct."

Further, Affiant sayeth not.

WESTMOUNT AT KESSLER PARK LP,
a Delaware limited partnership

By:   WESTMOUNT AT KESSLER PARK GP LLC,
a Delaware limited liability company,
its general partner

By: _____
Name: Clifford A. Booth
Title:   Manager

SWORN AND SUBSCRIBED TO BEFORE ME on this the   18th day of June, 2020.

DIANNA HARTWELL
Notary ID # 129041838
My Commission Expires
July 3, 2020

_____
Notary Public, State of Texas

ORIGINAL ANSWER OF KESSLER PARK L.P.                            Page 5

**EXHIBIT "D"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 46303517
Status as of 9/17/2020 9:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 9/16/2020 4:15:22 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 9/16/2020 4:15:22 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 9/16/2020 4:15:22 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 9/16/2020 4:15:22 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 9/16/2020 4:15:22 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |

FILED
9/22/2020 12:14 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

Case 3:20-cv-03492-M   Document 1-1   Filed 11/25/20   Page 131 of 189   PageID 135

## NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## CERTIFICATE OF WRITTEN DISCOVERY

Westmount at Kessler Park L.P. ("WKPLP") files this Certificate of Written Discovery directed to Plaintiff, Felix V. Cuadrado, in this cause, pursuant to the applicable local rule and states that the discovery set forth below was served on all parties on the 22nd day of September, 2020:

1. Defendant Westmount at Keller Park, L.P. d/b/a View at Kessler Park's Responses to Plaintiff's Request for Disclosure.

Respectfully submitted,

COATS | ROSE, P.C.

By: _/s/ Alan J. Harlan_
Alan J. Harlan
State Bar No. 09010200

~~COATS | ROSE, P.C.~~
~~9755 Preston Road~~
~~Dallas, Texas 75251~~
~~(972) xxx-xxxx Telephone~~
~~(972) xxx-xxxx Facsimile~~
~~aharlan@coatsrose.com~~

ATTORNEYS FOR DEFENDANT
WESTMOUNT AT KESSLER PARK, L.P.

**EXHIBIT
A-26**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of September, 2020, a

true and correct copy of the foregoing instrument was submitted with the Clerk of the

134th District Court, Dallas County, Texas, and was served on the following using the

e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24053160
Ditty S. Bhatti
State Bar No. 24053803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com


Jackson Lewis P.C.
Kristin L. Bauer
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24050734
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008
Email: bauerk@jacksonlewis.com
Email: farmerj@jacksonlewis.com


/s/ Alan J. Harlan
Alan J. Harlan

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 46454117
Status as of 9/22/2020 2:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 9/22/2020 12:14:18 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 9/22/2020 12:14:18 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 9/22/2020 12:14:18 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 9/22/2020 12:14:18 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 9/22/2020 12:14:18 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 9/22/2020 12:14:18 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 9/22/2020 12:14:18 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 9/22/2020 12:14:18 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 9/22/2020 12:14:18 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 9/22/2020 12:14:18 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 9/22/2020 12:14:18 PM | SENT |

FILED
10/9/2020 12:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## NOTICE OF HEARING

Please take notice that the Court will hear Defendant Westmount at Kessler Park, LP (View at Kessler Park)'s "No Evidence" Motion for Summary Judgment **Tuesday, November 10, 2020, at 8 a.m.**  Hearing will be held telephonically through Microsoft Teams, the call-in number is 1-469-208-1731 and the hearing identification number is 333 002 514#.

Respectfully submitted,

COATS   |   ROSE, P.C.

 */s/ Alan J. Harlan*
Alan J. Harlan
State Bar No. 09010200

~~500 Summit Place~~
~~14755 Preston Road~~
~~Dallas, Texas   75001~~
~~(972) 788-1600 Telephone~~
~~(972) 702-0662 Telecopy~~
~~aharlan@coatsrose.com~~

ATTORNEYS FOR DEFENDANT

EXHIBIT
A-27

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of October, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court, via email and certified mail return receipt requested.

*CERTIFIED MAIL*
*Receipt No 7015 1730 0001 8873 2726*
*Via Electronic Service*
*Email:* ~~Vincent.Bhatti@bhattilawfirm.com~~
*Email:* ~~ditty.bhatti@bhattilawfirm.com~~

The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:   (214) 253-2533
Facsimile: (214) 279-0033
Email:

*CERTIFIED MAIL*
*Receipt No 7015 1730 0001 8873 2726*
*Via Electronic Service*
*Email:* ~~kristin.bauer@jacksonlewis.com~~
*Email:* ~~julie.farmer@jacksonlewis.com~~

Jackson Lewis P.C.
Kristin L. Bauer
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24059734
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone:   (214) 520-2400
Facsimile: (214) 520-2008

/s/ Alan J. Harlan
Alan J. Harlan

**NOTICE OF HEARING**                                                      Page 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 47055378
Status as of 10/12/2020 8:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 10/9/2020 12:55:36 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 10/9/2020 12:55:36 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 10/9/2020 12:55:36 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 10/9/2020 12:55:36 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 10/9/2020 12:55:36 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |

FILED
10/29/2020 4:46 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

## NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134ᵗʰ JUDICIAL DISTRICT** |

## CERTIFICATE OF WRITTEN DISCOVERY

Westmount at Kessler Park L.P. ("WKPLP") files this Certificate of Written Discovery directed to Plaintiff, Felix V. Cuadrado, in this cause, pursuant to the applicable local rule and states that the discovery set forth below was served on all parties on the 29ᵗʰ day of October, 2020:

1.  Defendant Westmount at Kessler Park, L.P. d/b/a View at Kessler Park's Responses to Plaintiff's First Request for Production.

Respectfully submitted,

COATS  |  ROSE, P.C.

 */s/ Alan J. Harlan*
Alan J. Harlan
State Bar No. 09010200

~~9900 Spectrum Drive~~
~~1755 Preston Road~~
~~Dallas, Texas   75254~~
~~(214) 744-0000 Telephone~~
~~(214) 744-0002 Telecopy~~
~~aharlan@coatsrose.com~~

ATTORNEYS FOR DEFENDANT
WESTMOUNT AT KESSLER PARK, L.P.

**EXHIBIT
A-28**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of October, 2020, a true

and correct copy of the foregoing instrument was submitted with the Clerk of the 134th

District Court, Dallas County, Texas, and was served on the following using the e-file

service of the Court.

*Via Electronic Service*
The Bhatti Law Firm PLLC
Vincent J. Bhatti
State Bar No. 24053761
Ditty S. Bhatti
State Bar No. 24062801
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 251-3551
Facsimile: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com


Jackson Lewis P.C.
Kristin___ Bauer
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24059734
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008
Email: bauerk@jacksonlewis.com
Email: farmerj@jacksonlewis.com


*/s/ Alan J. Harlan*
Alan J. Harlan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 47660290
Status as of 10/30/2020 9:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 10/29/2020 4:46:34 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 10/29/2020 4:46:34 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 10/29/2020 4:46:34 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 10/29/2020 4:46:34 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 10/29/2020 4:46:34 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/29/2020 4:46:34 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/29/2020 4:46:34 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 10/29/2020 4:46:34 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 10/29/2020 4:46:34 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/29/2020 4:46:34 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/29/2020 4:46:34 PM | SENT |

FILED
10/29/2020 3:38 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rhonda Burks DEPUTY

## CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES Plaintiff, Felix Cuadrado, and files his Original Petition.  Plaintiff respectfully shows the Court as follows:

### I.      RULE 190 DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery will be conducted in accordance with a Level 3 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

2.      Defendant seeks monetary relief between $200,000 and $1,000,000.   The damages sought are within the jurisdictional limits of the Court.

### II.      PARTIES

3.      The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

4.      Plaintiff, Felix V. Cuadrado is an individual resident of Dallas County, Texas.

5.      Defendant, View at Kessler Park (hereinafter referred to as "Kessler") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its property location at 2511 Wedglea Dr., Dallas, TX 75211 or wherever it may be found.

EXHIBIT
A-29

6.      Defendant, TI Communities (hereinafter referred to as "TIC") is a business operating and doing business in Dallas County, Texas and may be served with process by delivery to its corporate headquarters located at 1125 Executive Circle, Suite 100, Irving, TX 75038.

### III.     JURISDICTION

7.      The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

8.      This Court has jurisdiction over this cause of action because it involves an amount in controversy within the original jurisdiction of the Court, transacts business in the State of Texas.  This State has personal jurisdiction over this Defendant because it has purposefully availed itself of the privilege of conducting activities in the State of Texas, specifically Dallas County.  The cause of actions complained of and the events that transpired took place in Dallas County and, thereby, confers specific jurisdiction with respect to said Defendant. Furthermore, Defendants have engaged in activities constituting business in the State of Texas, specifically Dallas County.

9.      Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas and pursuant to Tex. Civ. Prac. and Rem. Code § 15.002, because Defendants operate in Dallas County and maintain offices in Dallas County.

10.     All conditions precedent to recovery have been performed, waived, or have occurred.

## IV.    FACTUAL BACKGROUND

11.    The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

12.    On or about February 26, 2018, Mr. Felix V. Cuadrado ("Cuadrado") was hired by Defendants as a Technician Director in Maintenance for service at an apartment building named View at Kessler Park ("View").

13.    Plaintiff served as an employee of both Defendants who acted as joint employers.

14.    Plaintiff worked more than 12 months for Defendants.

15.    Plaintiff worked more than 1250 hours in a year for Defendants.

16.    Defendants had multiple properties within 75 miles of each other with 50 or more employees.

17.    Shortly after Mr. Cuadrado's arrival, the building manager at the View left his/her position and was replaced by an interim manager named Jessica.

18.    Jessica informed Mr. Cuadrado that her boyfriend had a company that would bring maintenance personnel to the View and expressed an intention to terminate Mr. Cuadrado's crew.

19.    Mr. Cuadrado advocated for his team to continue retaining their positions.

20.    Jessica began retaliating against Mr. Cuadrado systematically by harassing him verbally, through job assignments and micromanaging every aspect of his job.

21.    About one week prior to his termination, Mr. Cuadrado called Christine and Kathleen Ball at the corporate TI Communities office to report Jessica's harassing behavior.

22.    Both Kathleen and Christine stated they would speak with Jessica about the matter.

23.     Shortly thereafter, Jessica was removed as interim manager at the View to continuing her work as manager of another TI Community property called the Carlton.

24.     Nevertheless, on or about March 1, 2019, Jessica sent her lead maintenance person, Brian, with a pick-up truck to pick up a couple stoves at the View to be transferred to the Carlton.

25.     Typically, a person would pick-up the items in the back of the property to avoid disruption for residents, staff and potential residents in the front.  Nevertheless, Brian insisted he pick-up the stoves in the front of the property and demanded that Mr. Cuadrado bring the stoves to the front.

26.     Mr. Cuadrado brought the stoves to the front, as instructed, and helped Brian load them into his truck.

27.     Later that day, Mr. Cuadrado was called into the front office and told by Christine that he had stolen two stoves from the property.  Mr. Cuadrado explained that he brought the stoves to the front and loaded them into Brian's truck, as instructed.

28.     TI Management ignored Mr. Cuadrado's explanation and insisted that they had him on a video stealing the stoves.

29.     Mr. Cuadrado was then terminated from his position.

30.     TI Management insisted that Mr. Cuadrado take off his company T-Shirt and coat.

31.     Mr. Cuadrado complied and was shamefully escorted off the property, without a shirt, through the lobby of the property in front of residents and employees.

32.     On all knowledge and belief, Defendants did not call the police, initiate a criminal investigation or otherwise investigate the matter themselves before terminating Mr. Cuadrado.

33.     Defendants called Mr. Cuadrado a thief and published that facts to residents and employees and Plaintiff's prospective employers.

34.     Plaintiff applied for several positions after leaving Defendant.  He was initially offered the jobs contingent upon a reference check.  In each case, Plaintiff was not offered the job after the prospective employer contacted Defendants.

35.     Based on all information and knowledge, Defendants published the false accusation that Plaintiff was a thief to Plaintiff's prospective employers which prevented him from securing similar jobs.

36.     Approximately six (6) months after starting his employment with Defendants, Plaintiff was promised an unconditional bonus of approximately $10,000.00 upon sale of the building as an incentive to go above and beyond in making improvements and maintaining the building to prepare it for sale.

37.     Plaintiff made extraordinary efforts to help Defendants accomplish this goal.

38.     After six (6) months of working, Plaintiff was told by Defendants that he would receive a $10,000.00 bonus upon sale of the building.

39.     The only condition for Plaintiff to receive the bonus was that the building must sell.

40.     The building did sell shortly after Plaintiff was wrongfully terminated.

41.     Upon all knowledge and belief, this bonus was offered to incentivize Plaintiff to go above and beyond in preparing the building for sale and for him to continue working at the job.

42.     Plaintiff did both.

43.    The building required over a million dollars worth of repair to make sure the elevators were safe and up to date.

44.    Plaintiff learned the procedures from the elevator contractor and saved Defendants thousands of dollars by knowing how to make the repair himself.

45.    Defendants needed to repair the entire roof of the building for millions of dollars because the roof would flood during each rainstorm.

46.    Plaintiff solved this problem by purchasing water pumps that turned on during the rainstorms and pumped the water off the building's roof.  This saved Defendants millions of dollars.

47.    Plaintiff hung signage on the building using makeshift ladders and procedures putting his own life at risk to save Defendant's thousands of dollars.

48.    Plaintiff wired and provided lighting in the parking lot without needed another contractor saving Defendants thousands of dollars.

49.    Plaintiff found that the previous HVAC person had mixed two different types of Freon in several A/C units to save money.  The proposed fix was to completely replace the HVAC units.  Plaintiff modified the HVAC units which saved the Defendants hundreds of thousands of dollars in replacement costs for HVAC units.

50.    After he accomplished this goal, Defendants then concocted a false scenario to justify Plaintiff's summary termination and failed to pay him the promised bonus upon sale of the building which occurred shortly after Plaintiff's termination.

51.    Mr. Cuadrado believes that he was set up for termination intentionally.

52.    On or about November 2018, Plaintiff suffered a stroke while on the job and was taken by ambulance to a local hospital.

53.     Plaintiff was hospitalized for two (2) days to be evaluated and treated for a stroke.

54.     Plaintiff's physician recommended that he take at least two (2) weeks off to rest.

55.     Plaintiff called Kathy, a manager with Defendants, to request time off per his doctor's orders.

56.     Kathy responded that Plaintiff was not approved for FMLA time off to deal with his serious health condition as he was integrally important to prepare the building for sale.

57.     Plaintiff has been damaged as a direct result of Defendant's acts/omissions.

### V.     CAUSES OF ACTION

***Defamation Per Se***

58.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

59.     Defendants called Mr. Cuadrado a thief and used this as a basis for his termination.

60.     Defendants were informed by Mr. Cuadrado that he was not a thief and that he provided the stoves to another employee named Brian who worked at the Carlton, another TI Communities property, as instructed by his superiors.

61.     Nevertheless, Defendants continued to call Mr. Cuadrado a thief and published the same to residents, employees and prospective employers.

62.     Defendants' statements are assumed to be defamatory because calling Mr. Cuadrado a thief labels him as someone who committed a crime of moral turpitude.

63.     Defendants' statements are so obviously harmful that no proof of injurious effect is necessary.

64.     Defendants' actions and statements were intentional and/or negligent.

65.    Defendants knew or should have known that Mr. Cuadrado did not steal the stoves.

### *Tortious Interference With Prospective Business Relationship*

66.    The foregoing paragraph is incorporated as if fully set forth herein.

67.    Plaintiff applied and interviewed for several jobs after he was terminated from Defendants.

68.    On at least three (3) occasions, Plaintiff was offered the job contingent upon a reference check.

69.    After the prospective employers contacted Defendants, Plaintiff's job offer was withdrawn because they were told that Mr. Cuadrado was terminated for being a thief which was a knowingly false statement.

70.    Plaintiff has been unable to secure a position similar to his previous position with Defendant and has been forced to take on a lesser position with lesser pay to provide for his family.

71.    Plaintiff had a reasonable probability to enter into an employment relationship with each of the prospective employers.

72.    Defendants clearly knew that Plaintiff was not a thief as they themselves ordered him to load up the stoves on the truck of another one of Defendants employees.

73.    By communicating that Plaintiff was a thief to Defendant's prospective employers, they had a conscious desire or were substantially conscious or certain that Defendant would not obtain the position with a prospective employer by communicating he was a thief.

74.    The Defendants actions were independently tortious because they were defamatory and more specifically constituted defamation per se.

75.    Defendants' interference caused Plaintiff not to obtain the jobs with prospective employers.

76.    Plaintiff has not been able to secure a similar level job to the one he held with Defendants after leaving and therefore has suffered damages proximately caused by Defendants' actions.

### *Negligent/Intentional Misrepresentation*

77.    Plaintiff incorporates all paragraphs above as if stated herein.

78.    Plaintiff relied upon Defendants representation that he would obtain a $10,000 bonus in making his decision to take these actions and continue his employment with Defendants.

79.    Defendants either knew or should have known at the time of making the representation that they would not pay the bonus to Plaintiff.

80.    Defendants failed to pay the $10,000.00 bonus upon sale of the building.

81.    Plaintiff suffered injury by relying on Defendants' misrepresentations.

### *Breach of Contract*

82.    Plaintiff incorporates all previous paragraphs as if fully state herein.

83.    Defendants offered to pay Plaintiff a $10,000 bonus upon sale of the building in exchange for Plaintiff staying at the job and helping to get the building ready for sale.

84.    Plaintiff accepted the offer.

85.    Defendants sold the building.

86.    Defendants breached the agreement by failing to pay the $10,000 bonus as agreed.

87.    Plaintiff suffered damages as a result of the breach.

### *Promissory Estoppel (in the alternative to breach of contract)*

88.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

89.    Defendants promised a $10,000 bonus to Plaintiff upon sale of the building.

90.    Plaintiff relied on this promise by continuing his employment with Defendants and going above-beyond to help the building be prepared for sale.

91.    Defendants failed to pay the $10,000 bonus as promised.

92.    Plaintiff suffered damage as a result.

### *Quantum Meruit*

93.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

94.    Plaintiff provided valuable services and used his own personal tools and equipment in providing services to Defendants to prepare the building for sale.

95.    Defendants gladly accepted the services provided by Plaintiff.

96.    Defendant was reasonably on notice that Plaintiff expected to be paid for the services he provided to Defendant including but not limited to the $10,000 bonus.

### *Family Medical Leave Act Violations*

97.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

98.    On or about November 2018, Plaintiff suffered from a stroke on the job and was rushed to a local hospital by ambulance.

99.    He was hospitalized for two (2) days.

100.    The physician at the hospital recommended at least two (2) weeks off from work while Plaintiff recovered.

101.    Plaintiff contacted Kathy, a manager with Defendants, who stated he was not approved for time off as he was integrally important to prepare the building for sale.

102.   Plaintiff was not given any FMLA paperwork despite his request.

103.   Plaintiff was summarily denied FMLA.

104.   Plaintiff was then terminated from his employment approximately three (3) months after his request for FMLA and denial of the same.

105.   Plaintiff suffered damages as a result of this legal violation.

### *Intentional Infliction of Emotional Distress*

106.   Plaintiff incorporates all previous paragraphs as if fully set forth herein.

107.   Defendants acted intentionally and recklessly by calling Plaintiff a thief with absolutely no significant evidence to justify such a statement.

108.   Defendants ordered Plaintiff to bring two stoves from the basement to be loaded on the truck of another one of Defendants' employees.

109.   Plaintiff complied as instructed.

110.   Defendants then turned around and accused Plaintiff of being a thief.

111.   Defendants then ordered Plaintiff to take off his jacket and T-shirt with their logos and leave the building.

112.   Plaintiff was forced to remove his shirt and jacket in front of fellow employees and residents the apartment leasing office and walk out of the building with completely no clothes on his chest.

113.   Plaintiff was shamed and humiliated and accused of being a thief.

114.   To date, Defendants have consistently claimed they have a video which shows Plaintiff stealing two (2) stoves, but have consistently refused to provide such video.

115.   His termination and his label as a thief throughout the DFW apartment community has caused plaintiff significant/severe emotional distress.

Plaintiff's Second Amended Petition                                                                 Page  11

## VII.   PRESERVING EVIDENCE

116.   Plaintiff requests and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, claim files, policy files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## IX.   DAMAGES

117.   Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs.

118.   The above described acts, omissions, failures and conduct of Defendant have caused Plaintiff damages which include, without limitation, the costs associated with actual damages, presumed damages, punitive damages, and consequential damages from Defendants' actions.

## X.   EXEMPLARY DAMAGES

119.   Defendants' statements about Plaintiff were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

120.   These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is

sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future

## XI.    ATTORNEYS' FEES AND COSTS

121.    Plaintiff integrates all preceding paragraphs as if fully set forth herein and further incorporate by reference herein all preceding paragraphs hereto.

122.    Plaintiff seeks recovery of their reasonable and necessary attorneys' fees, costs and expenses through trial and all appeals under applicable Texas law.

123.    Plaintiff has been required to obtain legal counsel as a result of Defendants' intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting their claims. Plaintiff is therefore entitled to recover their reasonable and necessary attorney's fees.

## XII.    JURY DEMAND

124.    Plaintiff adopts the preceding paragraphs as if fully set forth herein.

125.    Plaintiff requests that a jury be convened to try the factual issues in this action.

## XIII.    REQUEST FOR DISCLOSURE

126.        Plaintiff hereby request that each party disclose within fifty (50) days of the service of this request, the information and material subject to disclosure subject to disclosure pursuant to Rules 190.2(b)(6) and 194.2.

127.    This request does not extend nor in any way alter the time for the filing an answer by any Defendant; Plaintiff reserves the right to move for a default judgment against any Defendant that fails to timely answer or appear.

## XIV.    NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

128.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each party is hereby given notice of Plaintiff's intent to use any and all documents produced by any and all parties at any pretrial hearing, depositions, proceedings, through discovery, the trial of this matter, or any combination. See Tex. R. Civ. P. 193.7.

## XV.    NOTICE OF DUTY TO SUPPLEMENT AND AMEND DISCOVERY RESPONSE

129.    Pursuant to Rules 193.5 and 195.6 of the Texas Rules of Civil Procedure, each party is hereby requested to take notice of his, her, or its duty to amend or supplement incomplete or incorrect responses to written discovery reasonably promptly after the necessity for such a response is discovered. See Tex. R. Civ. P. 193.5(a), (b); see also Tex. R. Civ. P. 195.6.

## XVI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, and all punitive, additional, and exemplary damages as may be found.

In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

DATED:        October 29, 2020                    Respectfully submitted,

**The Bhatti Law Firm, PLLC**

/s/ Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF
FELIX CUADRADO**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties by electronic mail and/or facsimile on October 29, 2020:

Kristin L. Bauer and Julie A. Farmer
Jackson Lewis, P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Fax:  (214) 520-2008
bauerk@jacksonlewis.com
farmer@jacksonlewis.com

Alan J. Harlan
Coats Rose, P.C.
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Fax: (972) 702-0662
aharlan@coatsrose.com

_____

Vincent J. Bhatti

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ditty Bhatti on behalf of Vincent Bhatti
Bar No. 24055169
ditty.bhatti@bhattilawfirm.com
Envelope ID: 47654032
Status as of 10/30/2020 10:39 AM CST

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 10/29/2020 3:38:13 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 10/29/2020 3:38:13 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/29/2020 3:38:13 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/29/2020 3:38:13 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/29/2020 3:38:13 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/29/2020 3:38:13 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 10/29/2020 3:38:13 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 10/29/2020 3:38:13 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 10/29/2020 3:38:13 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 10/29/2020 3:38:13 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 10/29/2020 3:38:13 PM | SENT |

FILED
11/2/2020 12:50 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

## CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK | § | |
| AND TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
|     Defendants. | § | |

## NOTICE OF NONSUIT AS TO VIEW AT KESSLER PARK

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, Plaintiff, Felix Cuadrado, hereby give notice that he is dismissing all claims asserted in the above-captioned action against Defendant View at Kessler Park without prejudice.[1]  All parties shall bear their own attorneys' fees and costs.

DATED:      November 2, 2020      Respectfully submitted,

**The Bhatti Law Firm, PLLC**

/s/ Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF
FELIX CUADRADO**

---

[1] This nonsuit does not include any and all claims Plaintiff has and continues to maintain against TI Communities.

**EXHIBIT
A-30**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties by electronic mail and/or facsimile on November 2, 2020:

Kristin L. Bauer and Julie A. Farmer
Jackson Lewis, P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Fax:  (214) 520-2008
bauerk@jacksonlewis.com
farmer@jacksonlewis.com

Alan J. Harlan
Coats Rose, P.C.
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Fax: (972) 702-0662
aharlan@coatsrose.com

_____

Vincent J. Bhatti

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ditty Bhatti
Bar No. 24062803
ditty.bhatti@bhattilawfirm.com
Envelope ID: 47726904
Status as of 11/2/2020 3:04 PM CST

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 11/2/2020 12:50:45 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 11/2/2020 12:50:45 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 11/2/2020 12:50:45 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 11/2/2020 12:50:45 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 11/2/2020 12:50:45 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 11/2/2020 12:50:45 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 11/2/2020 12:50:45 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 11/2/2020 12:50:45 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 11/2/2020 12:50:45 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 11/2/2020 12:50:45 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 11/2/2020 12:50:45 PM | SENT |

FILED
9/16/2020 4:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

## NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## DEFENDANT WESTMOUNT AT KESSLER PARK, LP (VIEW AT KESSLER PARK)'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Westmount at Kessler Park, LP, d/b/a View at Kessler Park, one of the Defendants herein, and moves this Court for entry of a "no evidence" summary judgment in its favor, and for cause would state the following:

### I.

Pursuant to the provisions of Rule 166a(i), Texas Rules of Civil Procedure, "[A]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more elements of a claim or defense on which an adverse party would have the burden of proof at trial". While, in the case at bar, Plaintiff Felix V. Cuadrado has had nearly seven (7) months to conduct discovery, he has totally failed to establish the existence of any viable claim or cause of action against *this Defendant*. More specifically, Movant would point out that, at Paragraphs 12-48 of his First Amended Petition, Plaintiff has actually substantiated *only* that he was employed by Co-Defendant

**EXHIBIT**
**A-31**

TI Communities (sometimes referred to as "TI Management"), certain employees of which allegedly *defamed* Mr. Cuadrado and/or wrongfully terminated his employment.   These facts are borne out by Plaintiff's Objections and Responses to Defendant Westmount at Kessler Park, LP's First Set of Interrogatories and Request for Production to Plaintiff, a true and correct copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes. More specifically:

(1)     In response to Movant's Interrogatory No. 1, Plaintiff answered that "Kathy, (a director level employee at TI Communities) saw Plaintiff working at 800 Link in 2018 and she offered Plaintiff a job".

(2)     In response to Movant's Interrogatory No. 3, Plaintiff admits that he has never even discussed his employment "with any person purportedly employed by or associated with the owner of the property known as View at Kessler Park".

(3)     In answer to Movant's Interrogatory Nos. 5, 7 and 9, Plaintiff admits that he dealt only with employees and/or representatives of TI Communities in connection with his employment at View at Kessler Park.

(4)     In response to Movant's Request for Production of Documents, Plaintiff produced a written (and signed) employment agreement clearly entered into by and between Mr. Cuadrado and *TI Communities HR, LP and its affiliate TI Communities*.   (See Cuadrado 000009, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.)

(5)     In further response to Movant's Request for Production of Documents, Plaintiff produced 2018 and 2019 IRS Form W-2s, which list his employer as *Coadvantage Resources 24, Inc.* and the control number as *TI Communities HR, LP.* (See Cuadrado 000001-000004, true and

correct copies of which are together attached hereto as Exhibit "C" and incorporated herein by reference.)

None of Plaintiff's Interrogatory Answers nor any of the documents produced by Plaintiff even suggest that Plaintiff Felix V. Cuadrado was employed by any party other than Co-Defendant TI Communities.

## II.

On or about June 18, 2020, Movant filed its Original Answer, which Answer incorporates *a verified denial* pointing out that there is a defect in the parties defendant in the case at bar, that Westmount at Kessler Park, LP at no time employed Plaintiff, in any capacity, either directly or through an agent, nor did Movant own the View at Kessler Park property during the timeframe in which Plaintiff claims to have been damaged.   Plaintiff's subsequently filing of his First Amended Petition, on or about June 27, 2020, did not address, in any manner, any of the allegations set forth in Movant's Verified Denial.   A true and correct copy of Movant's Original Answer is attached hereto as Exhibit "D" and incorporated herein by reference for all purposes. Despite the filing of Movant's *Verified Denial,* Plaintiff has neither conducted any discovery to ascertain the validity of its allegations against this Defendant, or amended his pleadings to remove Westmount at Kessler Park, LP and its property in the case at bar.

## III.

In light of the clear and obvious absence of *any evidence,* whatsoever, to support any claim or cause of action by Plaintiff against either Westmount at Kessler Park, LP or the *real property* known as View at Kessler Park, this Defendant seeks entry of a summary judgment in its favor and, in addition, would ask that this Court award Movant its reasonable and necessary attorney's

fees and costs incurred in its defense of this lawsuit as an appropriate sanction for Plaintiff' clear

violation of Rule 13, Texas Rules of Civil Procedure.

**WHEREFORE**, Defendant Westmount at Kessler Park, LP d/b/a View at Kessler Park,

prays that, upon notice and hearing, this Court grant its "No Evidence" Motion for Summary

Judgment, enter a take nothing summary judgment in its favor and award Movant its reasonable

and necessary attorneys' fees and costs incurred in its defense of this action, based upon Plaintiff's

filing and prosecution of a groundless and frivolous lawsuit against it, along with such other and

further relief, either at law or in equity it which Movant may show itself to be justly entitled.

Respectfully submitted,

COATS   |   ROSE, P.C.

By:   _/s/ Alan J. Harlan_
Alan J. Harlan
State Bar No. 09010200

600 Signature Place
14755 Preston Road
Dallas, Texas   75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy
aharlan@coatsrose.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of September, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:   (214) 253-2533
Facsimile: (214) 279-0033
Email:   vincent.bhatti@bhattilawfirm.com
Email:   ditty.bhatti@bhattilawfirm.com

/s/ *Alan J. Harlan*
Alan J. Harlan

CASE NO. DC-20-03308

| | | |
|---|---|---|
| FELIX V. CUADRADO | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIEW AT KESSLER PARK AND | § | |
| TI COMMUNITIES | § | 134th JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT WESTMOUNT AT KESSLER PARK, L.P.'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

TO:     Defendant, View at Kessler Park, by and through its counsels of record, Felix V. Cuadrado, Coats Rose, P.C., 600 Signature Place, 14755 Preston Road, Dallas, TX 75254.

Plaintiff hereby serves his objections and responses to Defendant's First Set of Interrogatories to Plaintiff and Production Requests.

Respectfully submitted,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, Texas 75254
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT "A"**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Federal Rules of Civil Procedure on September 14, 2020.

Alan J.Harlan
Coats Rose, P.C.
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Facsimile: (972) 702-0662
aharlan@coatsrose.com

/s/*Vincent J. Bhatti*
Vincent J. Bhatti

**EXHIBIT "A"**

## INTERROGATORIES & REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1.**   In Paragraph 12 of his First Amended Petition, Plaintiff states that he was "hired by Defendants" on or about February 26, 2018. In connection therewith:

(1) How did Plaintiff learn of the position he claims to have been hired for at the View at Kessler Park property?

(2) With whom did Plaintiff interview for the maintenance position referenced above?

(3) Identify the specific person(s) who hired Plaintiff no or about February 26, 2018.

(4) At the time he was hired for the position referenced at Paragraph 12 of his First Amended Petition, did Plaintiff execute a written contract of employment?

**ANSWER**:

Kathy (a director level employee at TI Communities) saw Plaintiff working at 800 Link in 2018 and she offered Plaintiff a job. Shae, the former manager of View at Kessler Park interviewed Plaintiff. Plaintiff did not have a written contract for employment to his knowledge.

**REQUEST FOR PRODUCTION NO. 1.** Please     produce     all     documents, correspondence, memoranda, communication and/or notes, whether written or electronic, which substantiate or support Plaintiff's claim that he was hired as "Technician Director in Maintenance for service at an apartment building named View of Kessler Park" on or about February 26, 2018.

**ANSWER**: Plaintiff objects to this request as vague as almost any document related to View at Kessler Park or TI Communities is evidence of hiring by Kessler Park given

**EXHIBIT "A"**

Kessler Park was owned by TI Communities.  Notwithstanding such objection, Plaintiff responds with documents.

**REQUEST FOR PRODUCTION NO. 2.**  Please produce all written correspondence, communications, memoranda and/or notes, whether written or electronic, exchanged between or among Plaintiff and the person(s) or entities who hired him and which pertain to Plaintiff's duties and responsibilities in connection with the View at Kessler Park property.

> **ANSWER:**  Plaintiff objects to this request as vague because at the time Plaintiff worked at View at Kessler Park it was owned by TI Communities.  As such, all documents indicating hiring by TI Communities serves as evidence for employment at View at Kessler Park. Notwithstanding such objections, Plaintiff produces documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**  Please produce all documentation referencing payments made to Plaintiff by those persons and/or entities who purportedly hired him to serve as "Technician Director in Maintenance for Service in an apartment building named View at Kessler Park."  Such documentation shall necessarily include any and all Form W-2s, Form-1099s, and all cancelled checks and/or wire transfer confirmations evidencing salary, wages or other compensation paid to Plaintiff by Defendants.

> **ANSWER:**  Plaintiff objects to this request as vague because at the time Plaintiff worked at View at Kessler Park it was owned by TI Communities.  As such, all documents indicating hiring by TI Communities serves as evidence for employment at View at Kessler Park. Notwithstanding such objections, Plaintiff produces documents responsive to this request.

**EXHIBIT "A"**

**INTERROGATORY NO. 2.**     Please identify, by name and address, all persons at Defendant TI Communities with whom Plaintiff discussed any aspect of his employment as "Technician Director in Maintenance for Service of an apartment building named View at Kessler Park".

**ANSWER**: None

**INTERROGATORY NO. 3.**     Other than employees or representatives of Defendant TI Communities, did Plaintiff or any legal or other representative acting on his behalf, discuss his employment with any person purportedly employed by or associated with the owner of the property known as View at Kessler Park.

**ANSWER**: No.

**REQUEST FOR PRODUCTION NO. 4**   If the answer to Interrogatory 3, above, is in the affirmative, please list all such persons by name and address.

**ANSWER**: N/A

**INTERROGATORY NO. 4.**     Has Plaintiff ever entered into any contract of employment, either oral or in writing, with Westmount at Kessler Park, L.P.?

**ANSWER**:  No, Plaintiff was hired by TI Communities and View at Kessler Park at the time the latter was owned by the former.

**REQUEST FOR PRODUCTION NO. 5**: If the answer to Interrogatory No. 4, above, is in the affirmative, please produce copies of all documents, correspondence, memoranda and/or notes, whether written or electronic, which identify, outline or support Plaintiff's claim that he was employed by Westmount at Kessler Park, L.P.

**EXHIBIT "A"**

**ANSWER**: N/A

**INTERROGATORY NO. 5.**    Who or what entity owned the View at Kessler Park property during the timeframe in which Plaintiff claims to have incurred or sustained the injuries and/or damages referenced in Plaintiff's First Amended Petition?

**ANSWER**: TI Communities

**INTERROGATORY NO. 6.**    By whom has Plaintiff been employed since his alleged termination by Defendant(s) as "Technician Director in Maintenance for service at an apartment building named View at Kessler Park", on or about March 1, 2019?

**ANSWER**: S2 Capital, Inc.

**INTERROGATORY NO. 7.**    At Paragraph 26 of his First Amended Petition, Plaintiff alleges that he was required to "take off his company t-shirt and coat" by TI Communities on or about March 1, 2019.  What logo or written information was printed or embroidered on said t-shirt and coat which identify said garments as a "company" t-shirt and coat?

**ANSWER**: TI Communities

**INTERROGATORY NO. 8.**    At Paragraph 15 of his First Amended Petition, Plaintiff references a "team" he presumably worked with or supervised at View at Kessler Park. Please identify, by name and address, all members of said team.

**ANSWER**: Fernando – Make Ready, Sergio – Assistant Manager of Maintenance, Maria – Housekeeper, Martha – Housekeeper.

**INTERROGATORY NO. 9.**    Please identify, by name, position and address, the person or persons who "promised an unconditional bonus of approximately $10,000 upon sale of the building", as referenced in Paragraphs 32-35 of Plaintiff's First Amended Petition.

**EXHIBIT "A"**

**ANSWER**:  Kathleen Ball at TI Communities/View at Kessler Park

**EXHIBIT "A"**

<u>VERIFICATION</u>

STATE OF TEXAS                  )
                                   )

COUNTY OF DALLAS           )

"My name is Felix V. Cuadrado, my date of birth is January 7, 1962, and my address is 312 Aquarius Drive, Cedar Hill, TX 75104, Dallas County, USA.  I declare under penalty of perjury that the foregoing document titled Plaintiff's Objections and Responses to Defendant Westmount at Kessler Park, L.P.'s First Set of Interrogatories is true and correct.

Executed in Dallas County, State of Texas on the _16_ day of September, 2020.


_____
FELIX V. CUADRADO, Declarant"


**EXHIBIT "A"**



2/15/2018

Felix Cuadrado
VIA EMAIL (mlrlamr2010@live.com)

Dear Felix:

I am pleased to offer you the position of Service Technician for The View at Kessler Park located in Dallas, TX. Your anticipated start date is 2/26/2018. This position is full-time, non-exempt. If you accept the position, you will report to the Service Director.

In exchange for your dedicated efforts to TI Communities HR, L.P. and its affiliate, TI Communities (collectively, "TI"), you will be paid an hourly rate of $18.00 per hour, less all applicable withholdings and deductions. This offer is contingent upon your successful completion of the post-offer screening for illegal drugs and satisfactory completion of all other facets of pre-employment processes, including background and reference checks. You will also be asked to execute additional documents relating to your employment, including an acknowledgement you are subject to TI's employment policies as then in existence. Please note, this offer is valid for 72 hours from the date received.

While employed by TI, you will be eligible to participate in employee benefit programs established by TI from time to time for similarly situated employees, subject to the terms and conditions of such programs. TI will offer employees and their eligible dependents a variety of group health insurance benefits, the premium costs of which will be shared by employees and TI. You will also be eligible to participate in TI's life insurance, disability insurance and other group benefit plans. Please keep in mind, in all cases, you will be eligible to receive benefits from a plan only for so long as you continue to be employed as an eligible employee under the plan. TI may alter or discontinue any benefits at any time at its sole discretion.

Your employment with TI is "at will," meaning you may terminate your employment at any time, and TI may do the same. If you wish to terminate your employment, however, we request you provide TIC with at least three weeks' advance notice.

Please indicate your acceptance of this offer by signing in the space provided below and returning this letter, along with a signed copy of the background check authorization form, to me. Should you have any questions, please contact us. We look forward to welcoming you to the team.

Sincerely,

Carrie Polonsky
VP, Talent Services, TI Communities

I have read and understand this offer letter and accept employment with TI upon the terms set forth herein.

Felix Cuadrado                                    2-15-2018
                                                 Date

**EXHIBIT "B"**                                    Cuadrado 000009

COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL  33618

MDG2019-0040489  1 AB  0408 01  2  6

FELIX CUADRADO
312 AQUARIUS DR
CEDAR HILL, TX  75104-3238

This information is being furnished to the Internal Revenue Service.
Copy B-To Be Filed With Employee's FEDERAL Tax Return

**Form W-2** Wage and Tax Statement

| 2018 | 1 Wages, tips, other comp. 50773.37 | 2 Federal income tax withheld 2914.66 |
|---|---|---|
| b Employer's EIN 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 | 3 Social security wages 50773.37 | 4 Social security tax withheld 3147.95 |
| c Employer ID No. (EIN) 59-2084282 | 5 Medicare wages and tips 50773.37 | 6 Medicare tax withheld 736.21 |

c Employer's name, address, and ZIP code
COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL  33618

e Employee's first name and initial    Last name
FELIX CUADRADO
312 AQUARIUS DR
CEDAR HILL, TX  75104-3238

| 7 Social security tips | 8 Allocated tips | 9 Verification code |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a code |
| 13 Statutory employee / Retirement plan / Third party sick pay | | 12b code |
| 14 Other | | 12c code |
| | | 12d code |
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Department of the Treasury—Internal Revenue Service

Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.)

**Form W-2** Wage and Tax Statement

OMB No. 1545-0008

| 2018 | 1 Wages, tips, other comp. 50773.37 | 2 Federal income tax withheld 2914.66 |
|---|---|---|
| b Employer's EIN 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 | 3 Social security wages 50773.37 | 4 Social security tax withheld 3147.95 |
| c Employer ID No. (EIN) 59-2084282 | 5 Medicare wages and tips 50773.37 | 6 Medicare tax withheld 736.21 |

c Employer's name, address, and ZIP code
COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL  33618

e Employee's first name and initial    Last name
FELIX CUADRADO
312 AQUARIUS DR
CEDAR HILL, TX  75104-3238

| 7 Social security tips | 8 Allocated tips | 9 Verification code |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a code |
| 13 Statutory employee / Retirement plan / Third party sick pay | | 12b code |
| 14 Other | | 12c code |
| | | 12d code |
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Department of the Treasury—Internal Revenue Service

Cuadrado 000001

**EXHIBIT "C"**

**EXHIBIT "C"**

## Instructions for Employee (Also see *Notice To Employee* on the back of adjacent Copy 2.)

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 5.** You may be required to report this amount on Form 8959, Additional Medicare Tax. See the Form 1040 instructions to determine if you are required to complete Form 8959.

**Box 6.** This amount includes the 1.45% Medicare Tax withheld on all Medicare wages and tips shown in box 5, as well as the 0.9% Additional Medicare Tax on any of those Medicare wages and tips above $200,000.

**Box 8.** This amount is not included in box 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

You must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report at least the allocated tip amount unless you can prove that you received a smaller amount. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. On Form 4137 you will calculate the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 9.** If you are e-filing and if there is a code in this box, enter it when prompted by your software. The only valid characters are the letters A-F and the digits 0-9. This code assists the IRS in validating the W-2 data submitted with your return. The code is not entered on paper-filed returns.

**Box 10.** This amount includes the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 also is included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan, or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount. This box shouldn't be used if you had a deferral and a distribution in the same calendar year. If you made a deferral and received a distribution in the same calendar year, and you are or will be age 62 by the end of the calendar year, your employer should file Form SSA-131, Employer Report of Special Wage Payments, with the Social Security Administration and give you a copy.

(Continued below on the back of Copy 2.)

## Instructions for Employee (continued from back of adjacent Copy 2)

**Q**-Nontaxable combat pay. See the instructions for Form 1040 for details on reporting this amount.

**R**-Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

**S**-Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

**T**-Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

**V**-Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525, Taxable and Nontaxable Income, for reporting requirements.

**W**-Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

**Y**-Deferrals under a section 409A nonqualified deferred compensation plan

**Z**-Income under a nonqualified deferred compensation plan that fails to satisfy section 409A. This amount also is included in box 1. It is subject to an additional 20% tax plus interest. See the Form 1040 instructions.

**AA**-Designated Roth contributions under a section 401(k) plan

**BB**-Designated Roth contributions under a section 403(b) plan

**DD**-Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

**EE**-Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**FF**-Permitted benefits under a qualified small employer health reimbursement arrangement

**GG**-Income from qualified equity grants under section 83(i)

**HH**-Aggregate deferrals under section 83(i) elections as of the close of the calendar year

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct. See Pub. 590-A, Contributions to Individual Retirement Arrangements (IRAs).

**Box 14.** Employers may use this box to report information such as state disability insurance taxes withheld, union dues, uniform payments, health insurance premiums deducted, nontaxable income, educational assistance payments, or a member of the clergy's parsonage allowance and utilities. Railroad employers use this box to report railroad retirement (RRTA) compensation, Tier 1 tax, Tier 2 tax, Medicare tax and Additional Medicare Tax. Include tips reported by the employee to the employer in railroad retirement (RRTA) compensation.

**Note:** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

Cuadrado 000002

COADVANTAGE RESOURCES 24, INC.
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618



MDG2020 00007461 01

FELIX CUADRADO
PO BOX 1962
CEDAR HILL TX 75106-1962



This information is being furnished to the Internal Revenue Service.

**Copy B — To Be Filed With Employee's FEDERAL Tax Return**

Form W-2  Wage and Tax Statement  OMB No. 1545-0008

**2019**

| | | | | |
|---|---|---|---|---|
| | 1 Wages, tips, other comp. | | 2 Federal income tax withheld | |
| | 12508.97 | | 799.46 | |
| a Employee's SSN | 3 Social security wages | | 4 Social security tax withheld | |
| XXX-XX-XXXX | 12508.97 | | 775.56 | |
| b Employer ID No. (EIN) | 5 Medicare wages and tips | | 6 Medicare tax withheld | |
| XX-XXXX42## | 12508.97 | | 181.38 | |

c Employer's name, address and ZIP code
COADVANTAGE RESOURCES 24, INC
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

d Control number
TI COMMUNITIES HR LP

e — f Employee's name, address and ZIP code
FELIX CUADRADO
312 AQUARIUS DRIVE
CEDAR HILL, TX 75104

| 7 Social security tips | 8 Allocated tips | |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a code  See instr. for box 12 |
| 13 Statutory employee   Retirement plan   Third-party sick pay | 12b code |
| 14 Other | 12c code |
| | 12d code |
| 15 State   Employer's state ID no. | 16 State wages, tips, etc | 17 State income tax |
| 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Department of the Treasury — Internal Revenue Service

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

**Copy C — For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy 2.)**

Form W-2  Wage and Tax Statement  OMB No. 1545-0008

**2019**

| | | | | |
|---|---|---|---|---|
| | 1 Wages, tips, other comp. | | 2 Federal income tax withheld | |
| | 12508.97 | | 799.46 | |
| a Employee's SSN | 3 Social security wages | | 4 Social security tax withheld | |
| XXX-XX-XXXX | 12508.97 | | 775.56 | |
| b Employer ID No. (EIN) | 5 Medicare wages and tips | | 6 Medicare tax withheld | |
| XX-XXXX42## | 12508.97 | | 181.38 | |

c Employer's name, address and ZIP code
COADVANTAGE RESOURCES 24, INC
3350 BUSCHWOOD PARK DR #200
TAMPA, FL 33618

d Control number
TI COMMUNITIES HR LP

e — f Employee's name, address and ZIP code
FELIX CUADRADO
312 AQUARIUS DRIVE
CEDAR HILL, TX 75104

| 7 Social security tips | 8 Allocated tips | 9 |
| | 11 Nonqualified plans | 12a code  See instr. for box 12 |
| 13 Statutory employee   Retirement plan   Third-party sick pay | 12b code |
| 14 Other | 12c code |
| | 12d code |
| 15 State   Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Department of the Treasury — Internal Revenue Service

**EXHIBIT "C"**



**Instructions for Employee** (Also see *Notice to Employees*, on the back of adjacent Copy 2.)

Box 1. Enter this amount on the wages line of your tax return.

Box 2. Enter this amount on the federal income tax withheld line of your tax return.

(Continued below on the back of Copy 2.)

**Instructions for Employee** (continued from back of adjacent Copy 2)

**EXHIBIT "C"**

FILED
8/18/2020 3:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF WESTMOUNT AT KESSLER PARK L.P.

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Westmount at Kessler Park L.P. ("WKPLP"), one of the parties *presumably* named as a party defendant in the above captioned cause, and for its Original Answer to Plaintiff's Original Petition would state the following:

### I.

### Special Exception

While WKPLP has been the record owner of a multi-family project commonly known as "View at Kessler Park" since early August of 2019, it has not registered an assumed name certificate under the name "View at Kessler Park", nor is it aware of any other party, or potential party, which has.   As such, WKPLP would assert that it is not a proper party to the case at bar and, thus, files this special exception to the claims and causes of action asserted in Plaintiff's Original Petition.

**EXHIBIT "D"**

## II.

### General Denial

Without waiving the above and foregoing special exception, WKPLP denies each and every, all and singularly, the material allegations set forth in Plaintiff's Original Petition, states the same are untrue, in whole or in part, and demands strict proof thereof by a preponderance of the evidence in accordance with its right at law, reserving hereby its right to amend this Answer to incorporate other and/or further defenses, if, when and/or should become necessary.

## III.

### Verified Denial

Once again, without waving the above and foregoing special exception, WKPLP would assert, by way of further answer, that, pursuant to the provisions of Rules 93(2), (4), and (14), Texas Rules of Civil Procedure, there is a defect in the parties defendant in the case at bar, that WKPLP at no time employed Plaintiff, in any capacity, either directly or through an agent, did not own the "View at Kessler Park" property during the timeframe in which Plaintiff claims to have been damaged, and that WKPLP is not liable in the capacity in which it has *presumably* been sued.

WHEREFORE, PREMISES CONSIDERED, Westmount at Kessler Park L.P. prays that Plaintiff take nothing by way of this suit, that it recover its reasonable and necessary attorneys' fees and costs incurred in its defense of same, along with such other and further relief, either at law or in equity it may show itself to be justly entitled.

**EXHIBIT "D"**

Respectfully submitted,

COATS | ROSE, P.C.

By: */s/ Alan J. Harlan*
Alan J. Harlan
State Bar No. 09010200

600 Signature Place
14755 Preston Road
Dallas, Texas   75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy
aharlan@coatsrose.com

ATTORNEYS FOR DEFENDANT

**EXHIBIT "D"**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of June, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court.

*Via Electronic Service*
The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:   (214) 253-2533
Facsimile: (214) 279-0033
Email:   vincent.bhatti@bhattilawfirm.com
Email:   ditty.bhatti@bhattilawfirm.com

/s/ Alan J. Harlan
Alan J. Harlan

**EXHIBIT "D"**

<u>**VERIFICATION**</u>

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §


BEFORE ME, the undersigned authority, on this day personally appeared Clifford A. Booth, known to me to be the person whose name is subscribed below, and, after having been duly sworn, stated under oath as follows:

"My name is Clifford A. Booth. I am over twenty-one years of age and in all respects competent to make this Affidavit. I am Manager of Westmount at Kessler Park G.P., LLP, a Delaware limited liability company, which is the general partner of Westmount at Kessler Park LP, a Delaware limited partnership, owner of that multi-family property commonly known as "View at Kessler Park", a named defendant in this lawsuit. I have reviewed Westmount at Kessler Park LP's Original Answer and the statements contained therein are within my personal knowledge and are true and correct."

Further, Affiant sayeth not.


WESTMOUNT AT KESSLER PARK LP,
a Delaware limited partnership

By:  WESTMOUNT AT KESSLER PARK GP LLC,
a Delaware limited liability company,
its general partner


By: _____
Name: Clifford A. Booth
Title:  Manager


SWORN AND SUBSCRIBED TO BEFORE ME on this the 18th day of June, 2020.

DIANNA HARTWELL
Notary ID # 129041836
My Commission Expires
July 3, 2020

_____
Notary Public, State of Texas

**EXHIBIT "D"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 46303517
Status as of 9/17/2020 9:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 9/16/2020 4:15:22 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 9/16/2020 4:15:22 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 9/16/2020 4:15:22 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 9/16/2020 4:15:22 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 9/16/2020 4:15:22 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 9/16/2020 4:15:22 PM | SENT |

FILED
10/9/2020 12:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

NO. DC-20-03308

| | | |
|---|---|---|
| **FELIX V. CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **VIEW AT KESSLER PARK and,** | § | |
| **TI COMMUNITIES,** | § | |
| | § | |
| *Defendants.* | § | **134 th JUDICIAL DISTRICT** |

## <u>NOTICE OF HEARING</u>

Please take notice that the Court will hear Defendant Westmount at Kessler Park, LP (View at Kessler Park)'s "No Evidence" Motion for Summary Judgment **Tuesday, November 10, 2020, at 8 a.m.**   Hearing will be held telephonically through Microsoft Teams, the call-in number is 1-469-208-1731 and the hearing identification number is 333 002 514#.

Respectfully submitted,

COATS   |   ROSE, P.C.

By:   */s/ Alan J. Harlan*

Alan J. Harlan
State Bar No. 09010200

ATTORNEYS FOR DEFENDANT

**EXHIBIT
A-32**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of October, 2020, a true and correct copy of the foregoing instrument was submitted with the Clerk of the 134th District Court, Dallas County, Texas, and was served on the following using the e-file service of the Court, via email and certified mail return receipt requested.

*CERTIFIED MAIL*
*Receipt No7015 1730 0001 8873 2726*
*Via Electronic Service*

The Bhatti Law Firm, PLLC
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone:   (214) 253-2533
Facsimile: (214) 279-0033
Email:

Jackson Lewis P.C.
Kristin L. Bauer
State Bar No. 24006813
Julie A. Farmer
State Bar No. 24059734
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone:   (214) 520-2400
Facsimile: (214) 520-2008

/s/ Alan J. Harlan
Alan J. Harlan

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sidney Perkins on behalf of Alan Harlan
Bar No. 9010200
sperkins@coatsrose.com
Envelope ID: 47055378
Status as of 10/12/2020 8:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Alan J. Harlan | 9010200 | aharlan@coatsrose.com | 10/9/2020 12:55:36 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 10/9/2020 12:55:36 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 10/9/2020 12:55:36 PM | SENT |

Associated Case Party: VIEW AT KESSLER PARK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |

Associated Case Party: FELIXV.CUADRADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ditty Bhatti | 24062803 | ditty.bhatti@bhattilawfirm.com | 10/9/2020 12:55:36 PM | SENT |
| Vincent Bhatti | | Vincent.bhatti@bhattilawfirm.com | 10/9/2020 12:55:36 PM | SENT |

Associated Case Party: TI COMMUNITIES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |
| Julie A.Farmer | | farmerj@jacksonlewis.com | 10/9/2020 12:55:36 PM | SENT |

ATTENTION: CASE WILL BE CARRIED FOR TWO (2) WEEKS.

**JUDGE DALE TILLERY PRESIDING**
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 — 134th Ct. Clerk
214/653-6095 — Ct. Coordinator
fly@dallascourts.org

June 17, 2020

VINCENT J BHATTI
THE BHATTI LAW FIRM PLLC
14785 PRESTON ROAD
SUITE 550
DALLAS TX  75254

Re:   FELIX V. CUADRADO  vs.  VIEW AT KESSLER PARK et al
      DC-20-03308

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

**NON JURY TRIAL:**      06/21/2021 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY,
Presiding Judge

DBT/fll
pc:  VINCENT J BHATTI; KRISTIN BAUER

**EXHIBIT
A-33**

JUDGE DALE TILLERY PRESIDING
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 — 134th Ct. Clerk
214/653-6095 — Ct. Coordinator
fly@dallascourts.org

June 17, 2020

KRISTIN BAUER
JACKSON LWIS LLP
500 N AKARD SUITE 2500
DALLAS TX  75201

Re:    FELIX V. CUADRADO  vs.  VIEW AT KESSLER PARK et al
       DC-20-03308

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

**NON JURY TRIAL:**      06/21/2021 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY,
Presiding Judge

DBT/fll
pc:  VINCENT J BHATTI; KRISTIN BAUER

EXHIBIT
**A-34**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FELIX V. CUADRADO** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TI COMMUNITIES** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## <u>DECLARATION OF CHRISTINE SCHOELLHORN</u>

I, Christine Schoellhorn, declare under the penalty of perjury as follows:

1.    My name is Christine Schoellhorn. I am over the age of 18 years, am of sound mind, and have personal knowledge of the facts stated in this declaration.

2.    I am currently employed by TI Communities, LP as President. My office is located at 1125 Executive Circle, STE 100, Irving, TX 75038. I have been employed in this position since August 7, 2017.

3.    In connection with my position as President, I am familiar with information regarding TI Communities HR, LP and its corporate operations. TI Communities HR, LP is a limited partnership organized under the laws of Delaware. TI Communities has a limited partner and a general partner. The limited partner of TI Communities HR, LP is a limited partnership organized under the laws of Delaware. The limited partners of that partnership all reside in California. The general partner of TI Communities HR, LP is a corporation incorporated in the state of Delaware, with its principal place of business located in Santa Monica, California.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 20, 2020.

_____
Christine Schoellhorn

┌─────────────┐
│  **EXHIBIT**  │
│             │
│     **B**     │
└─────────────┘